[PHILADELPHIA, JANUARY, 21, 1834.]

## LOGAN and Another *against* JENNINGS.

### IN ERROR.

Where the action sounds in damages, judgment for the plaintiff on demurrer is interlocu-
tory, and it is necessary before final judgment, that damages should be assessed by a
jury.   Until final judgment a writ of error does not lie.

A WRIT of error having issued to the District Court for the City
and County of *Philadelphia,* it appeared from the record returned to
this court, that the action was trespass *vi et armis quare clausum
fregerunt,* brought by the defendant in error against the plaintiffs in
error.   The defendants below filed a special plea, to which the plain-
tiff below replied specially, and the defendants demurred specially to
the replication, assigning various causes of demurrer.

The District Court gave judgment on the demurrer in favour of
the plaintiff below, and the defendants sued out a writ of error.

The cause was argued upon the questions arising upon the plead-
ings; but this court having given no opinion on them, it is unneces-
sary to enlarge the report by stating them.

*P. A. Browne* moved to quash the writ of error, because the judg-
ment of the court below was not final, and therefore not the subject
of a writ of error.

*Norris* and *Rawle, contra.*

The opinion of the court was delivered by

ROGERS J.—When the action sounds in damages, as in covenant,
trover, trespass, &c. judgment for the plaintiff, on demurrer, is inter-
locutory, " that the plaintiff ought to recover his damages," leaving the
amount of them to be afterwards ascertained, *Lilly's Entries,* 57.   The
case at bar is an action of trespass *vi et armis,* in which, on a demur-
rer, the court gave judgment for the plaintiff.    It is therefore neces-
sary before final judgment, that the damages should be assessed by
a jury.    But until final judgment, a writ of error does not lie.  *Met-
calf's Case,* 11 *Co.* 40. *Russel* v. *Pratt,* 1 *Leonard,* 193. *Lilly's En-
tries,* 57.   We have been requested to give an opinion on the points

(Logan and another *v.* Jennings.)

raised by the demurrer, but this we do not feel ourselves at liberty to do. A writ of error does not remove the record, where final judgment has not been rendered. *Wilson* v. *Ingoldsby,* 2 *Ld. Raym.* 1179, and *Canning* v. *Wright,* 2 *Ld. Raym.* 1531. That the court is bound to quash the writ of error, also appears from the case of *Rejindoz* v. *Randolph,* 2 *Strange,* 834, *Vice* v. *Burton,* 2 *Strange,* 891. If the parties are put to any inconvenience by the delay, it cannot be avoided. The plaintiff might have had his damages assessed, notwithstanding the writ of error, or the writ would have been quashed at an earlier day.

Writ of error quashed,