JAMES L. ROBERTS, et al., plaintiffs in error, vs. WILLIAM
MOORE, defendant in error.

[1.] Every application for a continuance, should be heard by the Court, and determined according to its circumstances.

[2.] An attorney may in some cases, make a showing to continue a cause, notwithstanding the client lives in the county.

[3.] A material witness, who is absent *in Texas,* at the time of trial, will not be presumed to have absented himself fraudulently to enable the party subpœning him, to delay the case.

Complaint, in Randolph Superior Court. Tried before Judge KIDDOO, at the May adjourned Term, 1858.

This was an action by William Moore, against James L. Roberts and Simpson Moore, on a promissory note, for the sum of six hundred and sixty-one dollars and thirty-five cents, payable to William G. Gay or bearer, and due the first day of January, 1857. There was a credit on the note of fifty-two dollars, dated 18th day of December, 1856; and one of one hundred dollars, dated the 22d day of January, 1857.

The defendants pleaded the general issue, and usury to the amount of forty-eight dollars.

When the case was called for trial, the plaintiff announced himself ready; and the defendants, by their attorney, John A. Tucker, Esq., moved for a continuance of the cause, on account of the absence of Dr. James Mercer, a material witness for the defendants. The defendants were not in Court; and their attorney stated in his place, that said defendants lived about fifteen miles from Cuthbert (the place where said Court was sitting;) that defendants had been in attendance, every day, since the session commenced, and he believed would be in Court in a few moments. This was early in the morning, soon after the meeting of the Court. The attorney then moved the Court to postpone the case, a short time, which was refused. He then moved that he be allowed to make a showing for a continuance, as defendants were

Roberts et al., vs. Moore.

absent. He further stated, that Dr. Mercer was absent on a visit to Texas; that he had talked with him, and knew that his testimony would be material.

The Court overruled the motion, and refused to let the attorney make the showing; on the ground that the attorney could not state in his place, that the witness was not absent, by the consent or procurement of defendants.

To which refusal the defendants excepted.

TUCKER & BEALL, for plaintiffs in error.

HOOD & ROBINSON, contra.

By the Court.—LUMPKIN, J. delivering the opinion.

This case being in the last resort, counsel for defendant, in the absence of his client, proposed to continue the case, to procure the testimony of a material witness, who was absent on a visit to the State of Texas. It was shown that the witness had been subpœnaed, and that his testimony was material.

The case was called early in the morning; and the defendant, who had been in attendance regularly, during the Term, resided fifteen miles from town.

The Court refused to allow the attorney to make the showing, and gave as a reason, that he knew, that the attorney could not state in his place, that the witness was not absent by the client's consent or procurement.

That there are cases where the attorney may continue, notwithstanding the client lives in the county, there can be no doubt. Suppose the witness be sick, and that fact is known to the attorney? Could it be reasonably presumed, in this case, that the witness went to Texas to get out of the way, when by crossing the river, or even remaining at home, the same end might be accomplished?

The Court, in all cases, instead of prejudging, should hear

the showing, and then decide upon its sufficiency, according to the circumstances; and not assume, in advance, that a fraud is intended to be practiced, when the facts so strongly rebut that conclusion.

Judgment reversed.

McDONALD J. absent.