TOMMEY & STEWART, plaintiffs in error, *vs.* A. T. FIN-
NEY, defendant in error.

(BY TWO JUDGES.)—Where A sues B in a Notary's Court on an open ac
count, on which he obtains judgment, and from which defendant ap-
peals, and, pending the appeal, A brings another suit against B in the

Superior Court, on another open account, which was due at the commencement of the first suit, both accounts being admitted correct, to which second suit B files no plea in abatement at the first term, but at the second term pleads the judgment obtained in the Notary's Court in *bar* of the second suit, and while both cases are pending in the Superior Court, "it is agreed that the jury shall find such verdict in said cases as the Court, under the agreed state of facts, may direct, and it is further agreed that the Judge shall consider both cases together:"

*Held,* That, under the foregoing facts, there was no such judgment existing as could be pleaded in bar of the suit brought in the Superior Court, and that the Court should have instructed the jury to find a verdict for the plaintiff for the amount of both accounts.

2. A defendant who has appealed, had no right to withdraw his appeal, without the consent of the plaintiff. 12th March, 1872.

Abatement. Splitting demands. Appeal. Before Judge HOPKINS. Fulton Superior Court. April Term, 1871.

For the facts see the opinion.

HILL & CANDLER, for plaintiffs in error. The causes of action were different: R. Code, sections, 3196, 2888, 2843; 16 John's R., 136. But if the same, they were both pending in Court, and the Court should have consolidated them: R. Code, sections, 194, 2888.

L. J. WINN, for defendant. When first suit began all was due, and plaintiffs may not split demands so: R. Code, sections, 2888, 480, 481, 4068; 8 Wend. R., 492; 13th, 644; 2 Conn. R., 431; 4th, 362; 2 Pars. on C., 620. Defendant was entitled to a verdict, as his plea of other action was in bar: 39 Ga. R., 189.

MONTGOMERY, Judge.

This case consisted originally of two—one, a suit in a Magistrate's Court, appealed to the Superior Court; the other, a suit brought in the Superior Court, after the magistrate's case had been appealed. The two cases were submitted to the Judge, upon the following agreed state of facts, after stating

the cases : "It is agreed by and between the parties in the two above stated cases, that the goods charged and which make up the amounts in the accounts in the above stated two cases, were all sold and delivered by the plaintiffs to the defendants, for the prices set forth in and at the times set forth in the said accounts; that at the time the suit was commenced in the Notary Public's Court on the amount for $88 57, to-wit: the 10th day of October, 1868, the account sued on by the plaintiff for $121 37, to this Court, May Term, 1870, the second above stated case, was also due."

" Before either of the accounts were made, to-wit : prior to April, 1867, it was agreed by and between the said parties, that the goods to be bought by him, defendant, from plaintiffs, should be paid for at the end of each month ; that under this, the goods for which the account of $88 57, sued in the Notary Public's Court, were sold in the month of April, 1867. Afterwards, from May, 1867, to May, 1868, the accounts making the $121 37, sued in the last stated case, were made, to be paid for at the end of the several months in which the same were contracted ; that during said period, from May, 1867, to May, 1868, other goods were bought from the plaintiffs by the defendant, under said contract first aforesaid, to be paid for at the end of the month in which bought, and were paid for, leaving the accounts making the $121 37 unpaid, when they were put together and sued as above stated.

That the suit in the Notary's Court for $88 57 was brought when the accounts for $121 37 were due, and judgment rendered in said suit, and appeal by the defendant entered to the Superior Court from said judgment before the second case aforesaid was brought to this Court, and the suits are now pending in this Court. It is further agreed, that the jury shall find such verdict in said cases as the Court, under the agreed state of facts, may direct ; and it is further agreed, that the Judge shall consider both cases together."

After argument had, the Court passed the following order:

"Ordered by the Court that the foregoing cause be dismissed." Whereupon plaintiffs excepted.

It is insisted by defendant in error, that both accounts sued on are, under the agreed state of facts, but one and should have been sued in the same action; that plaintiffs, having chosen to sue on a part of it, the judgment in that case is a bar to the second suit, and he relies on 8 Wendell, 492, Code, sec. 2888, and other authorities. The reply is, that an appeal is a *de novo* investigation, and the first action is a suit *now pending* in the Superior Court: Code, section 3571; and that hence there is no judgment to bar. But it is said, conceding it to be so, the pendency of the first action is a " good defense " to the second : Code, sec. 2843, and the order dismissing the cases gave the defendant the benefit of this defense to the second action, and left the plaintiffs free to enforce their judgment in the first. True, it was a " good defense" as *a plea in abatement:* Code, section 3426, and must have been pleaded as such at the first term : Code, section 3404, whereas it was pleaded in *bar* at the *second* term. Nor could the appeal be dismissed without the consent of the plaintiffs : Code, section 3573. They were, at least, entitled to present their claim for twenty-five per cent. damages, to the jury : Code, section 3575. Had the plea in abatement been filed at the proper term, while it would have compelled a dismissal of the second suit, could not the plaintiffs have amended the first, so as to include the whole account? Code, section 3429. Is not the practical result of the submission a consolidation of the two suits, entitling the plaintiffs to a judgment for the whole amount? If a plea in abatement had been filed to the second suit, that suit dismissed and the debt on which it was founded engrafted on the first suit by amendment of the pleadings, would not the same result have been arrived at as that attained by the agreement? It would seem so.

Judgment reversed.