JAMES P. SIMMONS, plaintiff in error, *vs.* ANDREW J. SHAFFER, defendant in error.

1. Where, for a valuable consideration, the defendant covenanted to pay to the plaintiff whatever amount he might recover in a suit then pending against R., on a note dated in March, 1862, and due twelve months after date, for $3,500 00, besides interest, and at the September term of the Court, 1866, a judgment was rendered in said suit for $1,990 34 with interest and costs, and at the March term, 1871, under the provisions of the Relief Act of 1868, said judgment was reduced by the verdict of a jury to the sum of $700 00, upon which last verdict no judgment appears to have been entered, it was error in the Court to direct the jury to find for the plaintiff the amount last aforesaid.

2. The legal presumption, from the absence of a judgment on the second verdict, is that it was arrested, or a new trial granted or some other valid legal reason existed why none was rendered.

3. This Court can only consider such evidence as was offered by the parties in the Court below and the legal effect of the same.

Covenant. Verdict. Judgment. Presumption. Evidence. Practice in the Supreme Court. Before Judge RICE. Gwinnett Superior Court. March Term, 1873.

For the facts of this case, see the decision.

JAMES P. SIMMONS, for plaintiff in error.

J. N. GLENN; CLARK & PACE, for defendant.

WARNER, Chief Justice.

This was an action of covenant brought by the plaintiff against the defendant, to recover the amount of a judgment against one Russell, which the defendant covenanted he would pay in consideration that a certain injunction then pending against him at the suit of the plaintiff should be dissolved, that is to say, the defendant covenanted that he would pay to the plaintiff whatever amount might be finally recovered against said Russell in a suit then pending on the common law side of the Court in favor of the plaintiff against said Russell *et al.*, on a note dated in March, 1862, due twelve months after date, for the sum of $3,500 00, besides interest. It appears from the record before us, that on a trial had on the note at the September term of the Court in 1866, the jury scaled or reduced the plaintiff's debt against Russell, and found a verdict in favor of the plaintiff for only the sum of $1,999 38, with interest and cost, upon which verdict a judgment was regularly entered and signed. Subsequently, at the March term, 1871, of the Court, the defendant made a motion to have the judgment rendered in 1866 opened and reduced, under the Relief Act, and upon the trial of that motion the jury found a verdict reducing the plaintiff's judgment against Russell to the sum of $700 00. Upon this last verdict no judgment appears to have been entered. Whether the judgment was arrested, or whether there was a motion made and pending for a new trial, does not affirmatively appear on the face of the record offered in evidence by the plaintiff.

The Court held and directed that a verdict should be rendered in favor of the plaintiff against the defendant for only the sum of $700 00, the amount found by the last verdict, instead of the sum of $1,999 38, the amount of the judgment. It was contended on the argument that inasmuch as it appears from other portions of the record (not offered in evidence by the plaintiff at the trial,) that there is now a motion for a new trial pending in the Court below from the finding of the $700 00 verdict, that this Court should consider that fact in this motion for a new trial in the Court below, which was overruled there, and which is assigned for error here. We can only consider such evidence as was offered by the plaintiff in the Court below, and the legal effect of that evidence. The defendant introduced no evidence at the trial. What is the legal effect of the evidence contained in the record offered by the plaintiff? That record shows a verdict and judgment thereon against Russell in favor of the plaintiff for the sum of $1,999 38 ; that record also shows a verdict of the jury reducing the amount of that judgment to $700 00, but there is no judgment of the · Court upon that verdict, and the legal presumption is that the judgment was arrested, or a new trial was granted, or some other valid legal reason existed why a judgment was not rendered upon that verdict, and especially is this so under the provisions of the second section of the Relief Act of 1868, which declares that the judgment rendered under the provisions of that Act shall supersede the prior judgment. There was no judgment of the Court contained in the record offered in evidence by the plaintiff which superseded the judgment obtained by the plaintiff against Russell, in 1866, for the sum of $1,999 38, and the Court erred in holding and deciding that the judgment obtained in 1866 had been reduced or superseded according to the evidence before it.

Let the judgment of the Court below be reversed.