## HARRIS, executor, v. GANO.

1. A verdict without a judgment will not sustain a plea of res adjudicata. Even if the verdict could be used as evidence establishing the rights of those in whose favor it was rendered, yet, upon due notice by the losing party of an intention to move for a new trial, the judge having jurisdiction of the parties and subject-matter could have granted time in which to move for a new trial, or otherwise stayed or suspended the effect of the verdict as evidence.

2. Where, for the purpose of obtaining an equitable set-off, H. filed a petition to enjoin a judgment against him held by a member of a firm against which H. had suits then pending, which suits subsequently resulted in favor of the defendant firm, it was competent, during the same term on the trial of the petition for permanent injunction, for H. to prove that he expected to move for a new trial.

3. After notice of such intention to move for a new trial, the verdicts should not have been treated as a final adjudication that H. had no claim which could be set off in equity against the judgment.

4. Notwithstanding such verdicts, if the proof sustained the allegations in the petition, H. would be entitled to an injunction with a provision that the same be vacated unless, in due time and form, he moved for a new trial or excepted, and the judgment of the court below was reversed.

Argued March 18, — Decided April 8, 1903.

Equitable petition. Before Judge Felton. Houston superior court. April 10, 1902.

*Louis L. Brown* and *Bacon, Miller & Brunson*, for plaintiff.
*H. A. Mathews*, for defendant.

FISH, J. Gano sued Harris, executor, on a note for $2,000. The defendant admitted the indebtedness, but filed an equitable petition to enjoin the suit, in order to enable him to obtain the benefit of an equitable set-off, alleging that he had two common-law actions pending in Houston superior court against Gano & Jennings, one for $3,465 and the other for $6,569; that these claims arose from the breach of a contract, on the part of Gano & Jennings, to cut, pile, and ship hardwood timber on land belonging to Harris as executor; that Gano was a member of the firm of Gano & Jennings;

that the partnership and Jennings were insolvent; that Gano had no property in this State out of which money could be made in case Harris recovered in his suits against the firm; and that, therefore, he was entitled in equity to set off the firm debts against Gano's claim. These allegations were denied. An interlocutory order was taken, restraining the prosecution of Gano's suit against Harris, upon Harris giving bond. A judgment was subsequently rendered in favor of Gano for $2,000, against Harris, but a transfer or levy of the execution was restrained by virtue of a subsequent order on the equitable petition. At the April term, 1902, of Houston superior court, the two cases of Harris, executor, against Gano & Jennings were tried. In one a general verdict in favor of the defendants was returned; in the other the jury found a verdict for $352 in favor of the defendants against Harris. During the same term the case in which Harris prayed that Gano's judgment should be enjoined was called, with a view of determining whether the facts warranted a permanent injunction. Evidence was introduced sustaining most of the allegations in the petition. The fact that verdicts had been rendered in favor of Gano & Jennings in the two cases above referred to was admitted; and Harris thereupon offered to testify that he intended to make a motion for a new trial in those two suits, and, in case the same were overruled, to sue out bills of exceptions to the Supreme Court. This evidence was excluded. He also offered to show that Gano had removed to Florida, and was insolvent. On the theory that Gano & Jennings had successfully resisted Harris's claim, and that there was then no equity in preventing Gano from proceeding with his execution, the court directed the jury to return a verdict refusing the injunction.

The petition set out facts sufficient to entitle Harris to an equitable set-off, and to an injunction against the enforcement of Gano's judgment until Harris had the opportunity to establish his claim against Gano & Jennings, of which firm Gano was a member. *Hecht* v. *Snook*, 114 *Ga.* 924; Civil Code, § 3996. If the verdicts in favor of Gano & Jennings had finally adjudicated that Harris had no claim against Gano & Jennings, or against Gano as a member of that firm, which could be set off against the latter's individual judgment, the injunction, of course, should have been refused. A plea of res adjudicata was not filed; and conceding that for some purposes a verdict without a judgment thereon may be evidence

(*Carstarphen* v. *Holt*, 96 *Ga.* 703), yet these verdicts were not final. Harris still had the right to move for a new trial, and, in case the motion had been granted, the status would have been restored, and thereupon Harris's right to an injunction would have been as complete as it had been before the two cases had been tried.. Even if judgments had been entered, there was still the legal right. of exception (*Western Union Tel. Co.* v. *Smith*, 96 *Ga.* 569); and while, for fixing a lien and for some other purposes, binding until reversed, no judgment or decree, under our system, can be said to be final until the time prescribed by law for setting aside the same by motion for a new trial or writ of error has expired.    *Peoples Bank* v. *Merchants Bank*, 116 *Ga.* 279.    The mooted question as to whether a superseded judgment can be used for the purpose of supporting a plea of res adjudicata is not raised by this record (2 Black on Judgments, §§ 510, 685, 846, 882, 960; *Watson* v. *Warnock*, 31 *Ga.* 694 (4); *Tommey* v. *Finney*, 45 *Ga.* 155, 158); for only the pleadings and verdicts in favor of Gano & Jennings were offered in evidence.    *Mitchell* v. *Mitchell*, 97 *Ga.* 796; *Simmons* v. *Shaffer*, 49 *Ga.* 242 (2).    Until final judgment the policy of the law is to preserve the status.    While the privilege may have been denied in *Watson* v. *Warnock*, 31 *Ga.* 694, there are prior and subsequent. decisions of this court in which it has been expressly held that, on notice that motion for a new trial will be made, the court will supersede the verdict or judgment and allow a reasonable time during which the party may move for a new trial, file a bill of exceptions, and obtain a regular supersedeas.    *Lindsey* v. *Lindsey*, 14 *Ga.* 657 (3); *Crawford* v. *Ross*, 39 *Ga.* 44 (4); *Holcombe* v. *Roberts*, 19 *Ga.* 590.    In Steere *v.* Stafford, 12 R. I. 131, where an insolvent plaintiff had recovered judgment, and there was another suit pending by the defendant against the plaintiff, the court stayed the execution until the termination of the latter suit.    20 Enc. Pl. & Pr. 1265.    And the " termination " refers to the expiration of the time in which a motion for a new trial could be filed, or a writ of error sued out and the remittitur returned.    If this be the rule as to judgments, it would be much more applicable where a verdict had been obtained but no judgment entered thereon, as here.

Either, then, under the general power of the judge of the superior. court to grant writs of supersedeas (Civil Code, § 4321, par. 1), or under the power to grant injunctions and to hear evidence relevant

to the issue **whether** an injunction should issue in this cause, it was competent for the plaintiff to prove that motions for new trials would be made, and that if the motions were overruled bills of exceptions would be filed. It was further proper to prove that Gano & Jennings had no partnership assets, that Jennings was insolvent, and that Gano was a non-resident and had no property in the State of Georgia. These were facts tending to show that Harris might be entitled to an injunction to preserve his equitable right of set-off. The defendants in error insist that the proper practice would have been for Harris to move for a continuance; and that, on a showing that he intended to apply for a new trial, the court would have continued the case (citing Civil Code, § 5138; *Allen* v. *State*, 112 *Ga.* 752; *Long* v. *McDonald*, 39 *Ga.* 186; *Roberts* v. *Moore*, 27 *Ga.* 411). But both parties may have been ready and anxious to try, and it is not at all certain that the court ought to have granted a continuance had it been resisted by Gano & Jennings; for they might have urged that a continuance would result in maintaining in full force the temporary injunction which had already been granted, whereas, in view of the verdicts which had just been rendered, Harris was entitled to retain the injunction only in case he carried out his purpose of making the motions for new trial. The motions might have failed though inadvertence, or because the papers were not filed and approved in due form, or the bill of exceptions might have been presented too late, or for other reasons the appeal proceedings might have failed, and yet the result of continuing the case would have been to postpone, until the next term of court, the hearing as to the right to a permanent injunction. If, as argued, the judge ought to have granted a continuance, thereby leaving the restraining order in full force, for a stronger reason evidence was competent which only entitled Harris to one so framed as to cease to be operative in case he failed in due time to move for a new trial or to except, or in case the Supreme Court affirmed the judgments. If by the grant of a continuance Harris was thus entitled to a sweeping injunction, he should have been permitted to introduce evidence on which he could only have obtained a partial and restricted restraining order.

*Judgment reversed.    By five Justices.*