## 1009. SOUTHERN EXPRESS CO. v. HUNNICUTT & TURNER.

HILL, C. J. 1. Suit on account, for materials furnished and work done, may be maintained although the agreement whereon the materials were furnished or the work was done be evidenced by a written contract. *Chapman* v. *Conwell*, 1 *Ga. App.* 212 (58 S. E. 137); *Sparks Improvement Co.* v. *Jones*, 4 *Ga. App.* 62 (60 S. E. 810); *Johnson* v. *Quinn*, 52 *Ga.* 485; *Tumlin* v. *Bass Furnace Co.*, 93 *Ga.* 599 (20 S. E. 44). This is especially true in a justice's court, where technical pleading is not required. *Ga. So. Ry. Co.* v. *Barfield*, 1 *Ga. App.* 203 (58 S. E. 236); *Southern Express Co.* v. *Briggs*, 1 *Ga. App.* 294 (57 S. E. 1066).

2. In a certiorari proceeding, the court should not dispose of the main case on the merits while a traverse of the magistrate's return is pending. *Phillips* v. *Atlanta*, 78 *Ga.* 773 (3 S. E. 431). But where the traverse has been submitted to a jury and a verdict rendered against the traverse, and no motion for a new trial has been made and no

supersedeas of the verdict and judgment applied for, it is not error for the court to hear the certiorari upon its merits and render judgment thereon, notwithstanding the fact that when the certiorari was heard, and before the final judgment was rendered, the time for filing the motion for new trial had not expired, and notice of an intention to file the motion was given to the court. The judgment rendered on the certiorari is subject to be set aside, if a new trial should be subsequently granted and the traverse sustained. *Judgment affirmed.*

Certiorari, from Fulton superior court—Judge Pendleton. December 16, 1907.

Argued March 13,—Decided December 8, 1908.

*Philip H. Alston,* for plaintiff in error.

*Edgar Latham,* contra.