## TANNER *v.* WILSON *et al.*

No. 11655. MAY 15, 1937. REHEARING DENIED JULY 21, 1937.

*Heath & Heath,* for plaintiff.

*Bennett & Bennett, R. A. Moore, Harry D. Reed, G. S. Walton,* and *Mingledorff & Roberts,* for defendants.

RUSSELL, Chief Justice. Mrs. Lora Tanner, on April 6, 1925, obtained a loan from the Federal Land Bank of Columbia, South Carolina, the same maturing in 34 years, and being payable principal and interest in 68 semi-annual installments, and to secure the payment thereof she conveyed to the bank certain farm lands which were in cultivation, and on which the grantor resided. On January 19, 1934, during the October adjourned term, 1933, of Coffee superior court, A. W. Wilson, in a suit on notes against Mrs. Tanner, obtained a verdict in his favor for $1,379.45. On the next day Mrs. Tanner moved for a new trial upon the general grounds, and in the order approving the motion and issuing a

rule nisi it was provided "that this order act as a supersedeas until further order of the court." On February 15, 1934, counsel for Wilson presented and had signed by the trial judge a judgment based on the verdict rendered on January 19, 1934. Neither the verdict nor the judgment was entered on the minutes of the trial court. The order approving the original motion for new trial was amended by allowing additional time to movant to prepare a brief of the evidence and the amending grounds of the motion. It was "ordered that this motion and order act as a supersedeas until the final order disposing of this motion by the court." Thereafter, on May 8, 1934, an execution issued on the aforesaid judgment, which was entered on the same day on the general execution docket of said county. On July 28, 1934, the judge overruled the motion for new trial, and thereafter, within the time prescribed by law, Mrs. Tanner filed her bill of exceptions to this court, assigning error on the judgment overruling the motion for new trial; and she made an affidavit in forma pauperis as provided by law, instead of paying the costs and giving the bond required, all of "which further superseded the verdict and judgment until the Supreme Court decided the case." On September 17, 1934, Mrs. Tanner conveyed by warranty deed to G. J. Tanner her interest or equity in the farm lands which she had conveyed to the Federal Land Bank to secure said loan. G. J. Tanner immediately took possession of said premises. In this deed the grantee assumed the payment of the indebtedness of the grantor to the land bank, and the bank accepted said grantee on the obligation, without relieving Mrs. Tanner therefrom in the event of default in making payment. At that time Mrs. Tanner was in arrears in the payment of the semi-annual installments of principal and interest provided for in the loan, and G. J. Tanner paid all such arrearages and has paid in addition all installments coming due up to and including November 1, 1935, all of which payments were accepted by the land bank in conformity with the land bank's agreement just referred to.

On June 3, 1935, the judgment overruling the motion for new trial filed by Mrs. Tanner, in the case in which A. W. Wilson procured said judgment against her, was affirmed by the Supreme Court. *Tanner* v. *Wilson*, 180 *Ga.* 694 (180 S. E. 614). On June 24, 1935, the remittitur therein was received by the clerk

of Coffee superior court. Thereupon Wilson, the judgment creditor of Mrs. Lora Tanner, paid to the Federal Land Bank the principal and interest necessary to pay the balance due on the loan of Mrs. Tanner to it; and on August 2, 1935, said bank executed a conveyance of said farm lands back to Mrs. Tanner (apparently without any request upon her part and even without her knowledge), reciting therein the fact of the deed to secure debt executed by Mrs. Tanner, and that Wilson had obtained a judgment against Mrs. Tanner, execution thereon "having been issued on February 2, 1934, and recorded in the office of the clerk of the superior court for said county in Book 8 at page 137: and whereas A. W. Wilson . . desires to exercise the right given to him by section 39-201 (6038) of the Code of Georgia of 1933, and redeem the lands;" that Wilson had tendered the principal and interest necessary to pay said indebtedness of Mrs. Tanner, and had requested the bank to execute a conveyance to Mrs. Tanner for the purpose of levy and sale as provided by the Code. This deed purported to convey the legal title of the bank in the land to Mrs. Tanner, and was recorded August 5, 1935. Thereafter, on August 7, 1935, the sheriff of Coffee County levied the execution which had issued on said judgment in favor of Wilson on May 8, 1934, during the pendency of said motion for new trial, upon the land herein involved, being the land described in the deed from Mrs. Tanner to the land bank, and the same land described in the deed from Mrs. Tanner to G. J. Tanner, and the land was advertised for sale on the first Tuesday in September, 1935. An affidavit of illegality was interposed by Mrs. Tanner, which she sought to amend by seeking the cancellation of the deed from the bank to the plaintiff in fi. fa., and other equitable relief; and to a judgment dismissing which she sued out a writ of error to this court, where the judgment was affirmed. *Tanner* v. *Wilson*, 183 *Ga.* 53 (187 S. E. 625).

On August 25, 1935, G. J. Tanner filed his petition in Coffee superior court against A. W. Wilson, the judgment creditor, R. C. Relihan, sheriff of the county, and the Federal Land Bank, seeking to cancel certain instruments and to enjoin Wilson and the sheriff from selling the premises involved pursuant to said levy and advertisement under the execution issued on said judgment on May 8, 1934; from which petition appear the foregoing facts,

with the exception of the reference to the affidavit of illegality interposed by the said Mrs. Tanner and the affirmance by this court of the dismissal thereof in the trial court. The plaintiff asked that said defendants be enjoined as stated, and that the verdict referred to be decreed to have been superseded from January 20, 1934, until June 24, 1935; that the judgment in said case against Mrs. Tanner be decreed to have been illegal and void as having issued while the verdict upon which it was based was suspended by supersedeas; that the execution issued on this judgment be decreed null and void, as having issued upon a judgment which was superseded at the time by supersedeas; and that said verdict, judgment and execution be decreed to effect no notice or lis pendens to third persons of any lien upon the equity of redemption of Mrs. Tanner to the farm lands referred to herein or general lien against her. The plaintiff also prayed that the conveyance from the bank to Mrs. Tanner, and the record thereof, be decreed null and void, "as having been executed and recorded without authority of law, consent of the parties to the contract, or under the contractual obligations, and be canceled as a cloud upon petitioner's equity in the lands described therein; and that the notes and deed given by Mrs. Tanner to said bank be decreed to be still in force, with the privilege to plaintiff or his grantees to carry out the provisions thereof until the final maturity thereof according to the terms of the same; and that the orders of satisfaction entered on the note, and of authority to cancel on the deed to secure debt, be canceled, and petitioner be permitted to surrender up, as the holder for the Federal Land Bank, to the court, both originals for said purpose." It was alleged in the petition that the land bank had mailed by registered mail entries of cancellation and satisfaction of said note and deed to secure debt, which plaintiff had refused to accept, but which he held at the order of the sender. He raised also certain constitutional questions which it is unnecessary to determine, in the view which we take of this case. The defendants filed general demurrers to the petition, and to a judgment of the court sustaining the demurrers and dismissing the petition the plaintiff excepted.

To begin with, there was no lis pendens on account of the pending suit against Mrs. Lora Tanner in Coffee County. "One of the essentials of a valid and effective lis pendens is that the liti-

gation must concern specific property, so definitely described as to show what is involved." Therefore an ordinary suit at law on a promissory note, not concerning any particular lands, in which only a general money judgment against the maker is sought, is not lis pendens until a valid judgment has been rendered and execution duly issued thereon and duly entered on the general execution docket of the county of the land sought to be charged with the lien of the judgment, in so far as bona fide purchasers for value are concerned. See *Burkhalter* v. *Glennville Bank*, 184 *Ga.* 147 (190 S. E. 644). While a money judgment obtained within the county of the defendant's residence binds property of the defendant from the time of the rendition thereof, except as otherwise provided by the Code, § 110-507, this is true only as against the interest of third parties acting in good faith and without notice, who may have acquired a transfer of the defendant's property, when the execution duly issues on the judgment and is entered upon the general execution docket of the county within ten days from the date the judgment is rendered; otherwise the lien of the judgment dates from such entry. Code, §§ 39-701, 96-208. The verdict in this case was returned by the jury in favor of the plaintiff grantor, but under the record before this court no judgment was pronounced or rendered and entered until February 15, one month later. It is essential that the judgment be entered on a verdict within the time required, and execution duly and properly issue and be recorded; for that a verdict in a case like the one under consideration, in itself, is not a lien upon any property of the defendant against whom it is returned. While a judgment may be amended at a subsequent term, even a long time afterwards, nunc pro tunc, and thus perfect the verdict, where it will not prejudice the rights of intermediate parties, ordinarily a judgment entered after the time provided by law is voidable, and during the intervening time the verdict is lifeless as to intermediate parties. A judgment must be entered on the verdict, and must follow the verdict, before a lawful execution can issue. Code, §§ 39-102, 39-115; *Perdue* v. *Bradshaw*, 18 *Ga.* 287; *Pollard* v. *King*, 62 *Ga.* 103; *Walden* v. *Walden*, 124 *Ga.* 145 (52 S. E. 323), and cit.; *Walden* v. *Walden*, 128 *Ga.* 126, 133 (57 S. E. 323), and cit.; *Webster* v. *Dundee Mortgage Co.*, 93 *Ga.* 278 (20 S. E. 310); *Powell* v. *Perry*, 63 *Ga.* 417; *Easter-*

*ling* v. *State,* 11 *Ga. App.* 134 (74 S. E. 899) ; *Chapman* v. *Chattooga Oil-Mill Co.,* 22 *Ga. App.* 446 (96 S. E. 579), and cit.; *Lea* v. *Yates,* 40 *Ga.* 56; 34 C. J. 54-66. Between the rendition of the verdict against Mrs. Tanner, the judgment debtor, and the entering of a judgment based upon such verdict, she filed a motion for new trial, obtaining an order specifically superseding further proceedings in the case, which amounted to staying and suspending any effort to enforce or carry into effect the verdict, upon which no judgment had been yet entered, so as to permit the issuance of an execution pending the disposition of the motion or the further order of the court therein.

Where a motion for new trial is filed, it does not of itself operate to supersede further proceedings in the cause; but when it is expressly so provided in the order granting a rule nisi, and thereafter in the order awarding to the movant an extension of time within which to prepare and perfect her amended motion and brief of the evidence it is provided that "this motion and order act as a supersedeas until the final order disposing of this motion by the court," a supersedeas is in effect from the signing of the first order until the final disposition of the motion for new trial. Code, § 70-307; *Harris* v. *Gano,* 117 *Ga.* 934 (44 S. E. 11) ; *Liverpool & London &c. Co.* v. *Peoples Bank,* 143 *Ga.* 355, 360 (85 S. E. 114) ; *Hightower* v. *Hodges,* 5 *Ga. App.* 408 (63 S. E. 541) ; *Southern Express Co.* v. *Hunnicutt,* 5 *Ga. App.* 262 (63 S. E. 26) ; *Montgomery* v. *King,* 125 *Ga.* 388, 390 (54 S. E. 135), and cit.; 10 Cum. Dig. 691; 11 Enc. Dig. 1105. Upon the overruling of the motion for new trial, and within the time prescribed by law, Mrs. Tanner (the judgment debtor) filed her bill of exceptions to this court in forma pauperis, which in itself acted as a supersedeas until disposition of the case in this court and the filing of the remittitur in the trial court. Code, §§ 6-1001, 6-1002, 6-1004, 6-1805; *Truluck* v. *Peeples,* 1 *Ga.* 1; *Cummings* v. *Clegg,* 82 *Ga.* 763 (9 S. E. 1042) ; *Montgomery* v. *King,* supra; *Wheeler* v. *Wheeler,* 139 *Ga.* 608 (77 S. E. 817). "The general rule is that a supersedeas suspends all further proceedings in the suit in which the judgment superseded is rendered, such as are based upon and relate to the carrying into effect of that judgment." *Barnett* v. *Strain,* 153 *Ga.* 43 (111 S. E. 574), and cit.; *West* v. *Gainesville Bank,* 158 *Ga.* 640, 641 (123 S. E. 870). "Under

this rule the supersedeas, during its pendency, prevents any steps to enforce or carry into effect the judgment, such as issuing an execution based thereon." *Town of Fairburn* v. *Brantley,* 161 *Ga.* 199 (130 S. E. 67), citing 3 C. J. 1319, § 1448. Also see *Cummings* v. *Clegg,* supra, citing 9 *Ga.* 286 (5), and other authorities. In *Howard* v. *Lowell Machine Co.,* 75 *Ga.* 325, this court said that the general rule is that while a case is pending in this court on writ of error, further action by the court below in the case is "coram non judice" and void. In *Huson* v. *Martin,* 42 *Ga.* 85, it was ruled that "The judgment . . having been, under the provisions of the law, superseded during its pendency in this court, the whole case was suspended, and the fi. fa. could not proceed at the instance of the plaintiffs in fi. fa." In *Strickland* v. *Maddox,* 9 *Ga.* 196, it was held: "No execution can issue . . until the appeal is disposed of." So when a supersedeas is in effect (and a supersedeas is just as effective where granted by specific order of the court or where it arises by operation of law), the efficacy of a verdict or judgment is suspended. It has no retroactive effect, so as to deprive a verdict or judgment of its force and authority from the beginning, but only suspends the same thereafter and while it is effectual. Hence what is lawfully done before the supersedeas is granted or becomes effective is valid and stands, but anything done thereafter is unauthorized and must be set aside. As stated in *West* v. *Gainesville Bank,* supra, the supersedeas deprives the trial court "of jurisdiction to take further proceedings towards the enforcement of the judgment excepted to." See also *McEwen* v. *Kelly,* 140 *Ga.* 720 (5) (79 S. E. 777). The trial court thus loses jurisdiction to take any steps in such direction until the supersedeas is terminated, which in this case was when the judgment was affirmed by this court and the remittitur returned to the trial court and made the judgment of that court. *Town of Fairburn* v. *Brantley,* supra; *Knox* v. *State,* 113 *Ga.* 929, 930 (39 S. E. 330). If, at the time the supersedeas in this case was granted or obtained, defendant's property had become bound by a judgment rendered in the case, the lien would not be discharged thereupon, but merely suspended and its enforcement stayed until the disposition of the case. However, in this case only a verdict had been returned; no judgment had been entered thereon; which verdict was therefore not final and

binding, and there was as yet no lien binding the defendant's property. See *Harris* v. *Gano,* supra. Therefore this case does not fall within the principle underlying the decisions.in *Allen* v. *Savannah,* 9 *Ga.* 286, *Crosby* v. *King Hardware Co.,* 109 *Ga.* 452 (34 S. E. 606), *Watkins* v. *Angier,* 99 *Ga.* 519 (27 S. E. 718), and similar cases.

So, applying the principles of law as to the effect of a supersedeas on the trial court, it necessarily follows that the judgment was entered and signed during a time when the same was superseded, and the court was without jurisdiction to take any steps to make the verdict final or to enforce the verdict and judgment by issuing any execution thereon; and that the proceedings taken to bind defendant's property as to the judgment in the case of *Wilson* v. *Tanner* were without effect as against the plaintiff in this case. The execution was issued on such judgment in May, about five months after the return of the verdict and four months after the ineffectual entering of the judgment on the verdict, and at that time the motion for new trial was still pending, and the order of supersedeas provided that it was to be effective until the motion for new trial was finally disposed of. Then, upon the overruling of this motion, the plaintiff within the time prescribed by law brought her bill of exceptions to this court in forma pauperis (see *Harris* v. *Gano,* supra), and the enforcement of the original verdict was superseded further until the final disposition of the case in this court and the receipt of the remittitur of this court by the trial court. The conveyance by Mrs. Tanner (the judgment debtor) of her equity in these premises to the plaintiff in this case was made during the period when all such proceedings to enter the judgment and to enforce the same in the trial court were superseded. Under the allegations of the petition, the plaintiff was a bona fide purchaser without notice and for value, and at a time when there was no lien on the premises by reason of such verdict. All action taken by the trial court in that case during the time it was superseded, as against third parties in good faith, was void and without effect, the court not having jurisdiction so to act. Therefore the petition set out a cause of action for cancellation of the instruments, and for the relief sought. In this.view of the case it is unnecessary to pass on the constitutional questions raised. Where there is any other ground in a case upon which

636

properly to rest the decision of this court, it will always refrain from passing on the constitutionality of any statute, even though properly raised in the trial court. *McGill* v. *Osborn*, 131 *Ga.* 541 (62 S. E. 811); *Carter* v. *Dominey*, 157 *Ga.* 167, 170 (121 S. E. 236); *Minter* v. *State*, 158 *Ga.* 127, 138 (123 S. E. 23). The court erred in dismissing the petition on general demurrer.

*Judgment reversed. All the Justices concur.*