of Bowe, brought into court for distribution. Moreover, the finding of the jury, of which Dotterer did not complain, established that this money had been lawfully assigned by Bowe to Robbe, Smyth and Jno. O. Smith, and consequently, it belonged to them. It is true that in none of the answers above referred to were the assignments alleged to have been made by Bowe as clearly and distinctly set forth as they might have been; and probably, on special demurrer, an objection to this effect would have been sustained. In the absence of such demurrer, the allegations concerning the assignments were sufficient, and should be so treated, especially after the jury have found them to be valid. Whether this finding was right in fact or sound in law is immaterial. Until set aside, it is binding and conclusive upon all of these parties; and this being true, the judge could not do otherwise than decree as he did that the money be awarded to those to whom, under the verdict, it belonged.

It appears, therefore, that if the bill of exceptions had been certified by the judge precisely as it was presented to him, it would have resulted in no practical service to the plaintiff in error, and nothing beneficial would be accomplished by ordering the writ of *mandamus* to issue. Assuming, for argument's sake, that the bill of exceptions ought to have been signed as tendered, and supposing the same was now being considered upon its own merits, the judgment of the court below would be affirmed. For this reason, the propriety of refusing the writ is manifest.        *Mandamus denied.*

---

ROGERS *et al. v.* ROBERTS, judge.

PRACTICE IN SUPREME COURT. MANDAMUS.

After a judge has corrected, signed and certified a bill of exceptions, having interlined in the certificate a reference to the corrections

made by him, and the plaintiff in error has served and filed the bill of exceptions thus certified, and caused it, together with the record, to be transmitted to this court, thereby recognizing and adopting such bill of exceptions as sufficient, it *is* too late to apply to this court for a *mandamus* to compel the judge to omit the corrections he had made in the bill of exceptions as originally presented to him, and sign another certificate free from such interlineation.                    *Mandamus denied.*

November 23, 1891.

Martin & Smith and A. C. Pate, for the relators.

---

Heflin v. The State.

1. It does not *per se* disqualify a judge of the superior court to preside on the trial of an indictment for perjury, that the same judge presided at the trial of the case in which the alleged perjury was committed, and also of a second case in which one of the witnesses in the first was convicted of perjury. Nor does any disqualification result as matter of law from the judge having, by reason of his acquaintance or supposed acquaintance with the facts thus derived, privately and unofficially advised the prisoner's counsel to induce his client to plead guilty, saying that there was no doubt about his guilt and no earthly chance for him to be acquitted.

2. On a trial for perjury, evidence is relevant which tends to show that the accused, in a private interview with another person, endeavored to influence that person to give false testimony in the same case in which the accused afterwards gave the alleged false evidence.

3. The whole *res gestæ* of a transaction, including declarations of the participants made at the time, may be adduced in evidence against the accused to show that his testimony as to some of the particulars of the transaction was false.

4. As a general rule, in order to convict a witness of perjury alleged to have been committed on the trial of a case in a court of record, the record of the case, or a duly authenticated transcript thereof, is necessary to prove the judicial proceeding in the course of which the alleged perjury was committed.

5. On a trial for perjury, where there is no direct evidence of the existence, finding or pendency of any indictment for murder against George Eddleman, or of any issue raised upon such indictment, there is no proper foundation for a charge to the jury that if they believed from the evidence that one George Eddleman was tried for murder in the superior court of the county of Fulton, so far as the oath having been taken in some judicial proceeding, the case