## 3326.  SCOTT, trustee, v. TURNER.

1. The application for mandamus nisi must be denied. The exact point is ruled in *Moore* v. *Reid*, 110 *Ga.* 248 (34 S. E. 211). The acceptance of the writ of error and its filing by the agent of the plaintiff in error can not be treated otherwise than if they had been his own acts. "After a judge has certified a bill of exceptions, and the plaintiff in error has, by serving and filing the same and by causing it and the specified portions of the record in the case to which it relates to be transmitted to the Supreme Court, accepted the certificate of the judge as sufficient, it is too late to apply to this court for a mandamus to compel the judge to certify further respecting such bill of exceptions. *Rogers* v. *Roberts*, 88 *Ga.* 150 [13 S. E. 962]. The above is true although counsel for the plaintiff in error may, before receiving from the judge the certified bill of exceptions, have orally expressed some dissatisfaction with the certificate and requested an addition thereto. The proper course in such case, if counsel regarded the certificate as incomplete, would have been to decline to receive and act upon it, and then apply to this court for a mandamus."

2. The recitals of fact as to the only assignment of error contained in the bill of exceptions not being certified to be true, and it appearing, on the contrary, that the statement of material facts in the bill of exceptions is denied by the trial judge, the writ of error must be dismissed.
                    DECIDED FEBRUARY 24, 1912.

Application for mandamus.

*Phil W. Davis Jr.,* for petitioner.  *R. W. Milner,* contra.

RUSSELL, J.  The plaintiff in error presented to the judge of the lower court a bill of exceptions, in which it was stated that in the suit of Thomas E. Scott, trustee in bankruptcy of E. C. Taylor, against Arch Camp, in which a judgment was rendered against the defendant, Arch Camp, at the March term, 1910, of the city court of Covington, a summons of garnishment returnable to said November term of court had been served upon one N. S. Turner; that no answer to the garnishment had been made at the November term, 1910, or the January term, 1911, and that the plaintiff in fi. fa., after having introduced in evidence his judgment and the affidavit and bond for garnishment, the return of service showing that the garnishee had been duly served, the docket of the court, and all other papers in the case of file, and thereby having shown that the garnishee had filed no answer, asked for a judgment against the garnishee, which was refused, the court, on the contrary, having allowed the garnishee to file an answer. Exceptions pendente lite were filed to the ruling of the court in permitting the garnishee to file his answer, and exception was taken in the bill of

exceptions to the refusal to grant a judgment against the garnishee as in default. There was prepared and attached to the bill of exceptions, which was sent to the judge, the certificate prescribed by the Civil Code (1910), § 6145. However, the judge did not sign this certificate, but in lieu thereof prepared and signed the certificate following, which incorporated a contradiction of the facts related in the bill of exceptions, concerning the only material assignment of error: "I do certify that the foregoing bill of exceptions is true, subject to the following explanation: In the second exception upon the ruling of the court, found on page 2 of the bill of exceptions, I do not certify that the garnishment was returnable to the November term, 1910, of the city court of Covington. No evidence whatever was offered by the plaintiff showing to what term the summons of garnishment was returnable. The affidavit and bond for garnishment was dated October 22, the entry of service thereon was dated October 24. The case was docketed to the January term, 1911, and I ruled that inasmuch as there was nothing to show when the summons of garnishment was issued, and the service on Turner was dated October 24, and the November term of the city court began November 2, giving only eight days between the service of the summons of garnishment on Turner and the beginning of the November term, that the clerk had properly docketed the same to the January term, and that therefore the March term was the second term, and that he had a right to file his answer under the statute at the second term; this also upon the statement made by the plaintiff's counsel in open court to me, and to the opposing counsel, to the effect that if Turner did not owe the defendant anything, he did not want a judgment upon a technicality. I then allowed the answer and overruled the motion for a judgment. I further certify that this bill of exceptions specifies and contains all of the evidence and specifies all of the record material to a clear understanding of the errors complained of; and the clerk of the city court of Covington is hereby ordered to make out a complete copy of such parts of the record in said case as are in this bill of exceptions specified, and certify the same as such, and cause the same to be transmitted to the present term of the Court of Appeals of Georgia, that the errors alleged to have been committed may be reviewed and corrected."

With the certificate in this form the bill of exceptions was filed

and served.   More than thirty days had elapsed since the date of the judgment, and the bill of exceptions had been filed in this court, before counsel for the plaintiff in error discovered that the bill of exceptions had not been certified.   Thereupon counsel for the plaintiff in error presented a petition for a mandamus nisi requiring the judge of the city court of Covington to show cause why he should not be required to certify the bill of exceptions.

1.   The first question which arises is upon the petition for the mandamus.   It appears, from the petition and the exhibit, that the counsel for the plaintiff in error sent his bill of exceptions by mail to the judge, and that as it was not returned to him until after several days had elapsed, and the time within which the bill of exceptions could be certified was about to expire, he wrote to the judge in regard to the matter.   The judge replied the next day, stating that he had certified the bill of exceptions and turned it over to the clerk immediately after he had received it.   The same day, counsel for the plaintiff in error addressed a letter to the clerk of the superior court, with a request that the clerk have the bill of exceptions served the next day without fail, and asking the clerk to see to it that the entry of service was made and signed by the sheriff.   He enclosed copy of the bill of exceptions to be served upon Turner, and requested the clerk to fill in the date of the certificate, in the copy, before having it served.   The bill of exceptions, as appears from the entries thereon, was filed March 23, 1911, and service was acknowledged by the attorney for the garnishee (the defendant in error here) on March 25, 1911.

We think that the act of the clerk in having the bill of exceptions filed and served must be treated as the act of the plaintiff in error himself.   The bill of exceptions was not certified by the judge, and an examination of the judge's statement of facts and certificate would have disclosed that fact.   It is very apparent that counsel for the plaintiff in error believed that the bill of exceptions, as prepared by him, had been certified.   He had the right to believe this from the statement of the judge's letter to that effect, but it transpired that from the judge's statement he understood one thing, while the judge meant another.   Acting upon his belief that the writ of error had been certified, he wrote to Mr. Davis, clerk of the superior court, to have it served by the sheriff.   He thus constituted Mr. Davis his agent, and is bound by his acts.   "After a

judge has certified a bill of exceptions, and the plaintiff in error has, by serving and filing the same and by causing it and the specified portions of the record in the case to which it relates to be transmitted to the Supreme Court, accepted the certificate of the judge as sufficient, it is too late to apply to this court for a mandamus to compel the judge to certify further respecting such bill of exceptions. *Rogers* v. *Roberts, 88 Ga.* 150 [13 S. E. 962]. The above is true although counsel for the plaintiff in error may, before receiving from the judge the certified bill of exceptions, have orally expressed some dissatisfaction with the certificate and requested an addition thereto. The proper course in such case, if counsel regarded the certificate as incomplete, would have been to decline to receive and act upon it, and then apply to this court for a mandamus." If what purports to be the certificate of the judge to the bill of exceptions be treated as a nullity, or the equivalent of a refusal to certify the bill of exceptions, as it must be, then the application for mandamus, under the ruling above cited, comes too late.

2. On the other hand, if the judge's note could be considered as a certificate (informal, it is true, but substantially sufficient to give this court jurisdiction), then no proceeding would be of any avail, because the judge could not be required to certify to facts and conditions related to have existed, when as a matter of fact such was not the case. It is plain that the only material assignment of error set forth in the bill of exceptions depends upon whether the summons of garnishment served upon Turner was returnable to the November term, 1910, of the city court of Covington. Under the facts stated by the judge, the averments of the bill of exceptions in this essential particular are fully contradicted. The recitals of fact as to the only assignment of error contained in the bill of exceptions not being certified to be true, it appearing on the contrary that the material statements of fact in the bill of exceptions are denied by the trial judge, the attempted writ of error must be dismissed.

*Writ of error dismissed. Pottle, J., not presiding.*