### KING v. SHELTON. (No. 1472.)

(Court of Civil Appeals of Texas. El Paso. May 3, 1923.)

1. **Customs and usages ⊜⇒12(1)—Admission of evidence by seller as to his custom in not guaranteeing secondhand cars held error.**

Where the record did not disclose that the seller's custom not to guarantee secondhand cars was so general and notorious that knowledge and adoption of such custom by the buyer would be presumed, and there was no evidence that the buyer had knowledge of such custom, or that he contracted with reference to it, it was error to admit seller's testimony that it was his custom not to guarantee any secondhand cars.

2. **Customs and usages ⊜⇒12(1)—Usage or "custom" to bind must be known to both parties or be general and notorious.**

A custom which will enter into and affect the rights and liabilities of persons and their dealings with each other must be certain and uniform, and either known to the public sought to be charged thereby, or so general and notorious that knowledge and adoption thereof must be presumed (citing Words & Phrases, Second Series, Custom).

Appeal from Taylor County Court; D. G. Hill, Judge.

Action by S. M. Shelton against N. W. King. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Kirby, King & Overshiner, of Abilene, for appellant.

Dallas Scarborough, of Abilene, for appellee.

WALTHALL, J. S. M. Shelton brought this suit against N. W. King to recover on five promissory notes, each in the sum of $40 and given in part purchase price of a secondhand Ford automobile, valued by Shelton in the transaction at $350; the balance of the purchase price being a secondhand Chalmers

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Sedan car, given in exchange, of the agreed value of $150, and the notes being secured by a chattel mortgage on the Ford automobile. The suit was to recover on the notes, and foreclose the mortgage lien.

King answered by general denial, and special pleas of fraud, failure of consideration, breach of warranty as to the value and condition of the Ford automobile, alleged that Shelton represented that the Ford car was in good repair and in good running condition, his reliance on said representations and believing them to be true, and so believing was induced to execute said notes and part with the Chalmers car. He alleged that the Ford automobile was not in good running condition and in good repair at the time, and that it was wholly worthless. He alleged a tender and delivery back of the Ford automobile and demand of the surrender and cancellation of the notes and return of the Chalmers Sedan car, all of which Shelton refused.

King prayed that his notes be canceled, his Sedan car be returned, and in the event of a failure or refusal so to do that he have judgment against Shelton for $150, interest, and costs of suit.

The case was tried before a jury, and submitted upon special issues. The court submitted to the jury the following:

"Question No. 1. Did the plaintiff, Shelton, at and prior to the time of the exchange or trade of the cars in question, and execution and delivery of the notes, make false and fraudulent statements and representations to the defendant, King, as to the condition of said car, in this: Did said plaintiff fraudulently and falsely represent to defendant that said car was in good repair, and in good condition, and is absolutely all right, and were they false if made? Answer yes or no."

The jury answered, "No." Judgment was rendered in favor of Shelton on the notes and foreclosure of the mortgage lien.

### Opinion.

[1] On the trial plaintiff, Shelton, was permitted to testify, over objections, that his "custom was not to guarantee any secondhand cars, and it was not good business to do so." Two witnesses for Shelton were also permitted to testify, over objections, that it was the custom of Shelton not to guarantee any secondhand cars.

There is no evidence found in the record that the custom not to guarantee secondhand cars was a general custom existing in that locality in that particular business; nor is there evidence in the record that King knew of Shelton's custom not to guarantee secondhand cars.

As to whether or not Shelton made statements to King in regard to the condition of the Ford automobile at the time of the sale, or in any way guaranteed the condition of the car to be good, without stating the evidence, was a sharply contested issue of fact on the trial.

Appellant, by proper assignments and propositions thereunder, complains of the admission in evidence of statements of Shelton and two witnesses as to Shelton's custom of not guaranteeing any secondhand cars.

We have concluded that it was reversible error, under the facts disclosed by the record, to admit the statements of Shelton and the witnesses that Shelton's custom was not to guarantee any secondhand cars.

[2] A custom which will enter into and affect the rights and liabilities of persons in their dealings with each other must be certain, uniform, and either known to the public sought to be charged thereby, or so general and notorious that knowledge and adoption thereof must be presumed. Words and Phrases, Second Series, vol. 1, page 1186, and the cases there referred to. Knowledge of the custom constitutes one of the essential elements before it can affect rights and liabilities of parties and become a fixed element of a contract or be shown in the interpretation of a contract. The record does not show that Shelton's custom not to guarantee secondhand cars was so general and notorious that knowledge and adoption of such custom on the part of King in the transaction in question would be presumed, and there is no evidence in the record otherwise showing that King had knowledge of such practice or custom, or that he expressly or impliedly contracted with reference to such custom. A usage or custom to bind must be known to both parties, or it must be general and notorious. Neill Bros. & Co. v. Billingsley, 49 Tex. 161; Brady v. Richey & Casey (Tex. Civ. App.) 187 S. W. 508.

For reasons stated, the case is reversed and remanded.