THE GATE CITY GAS-LIGHT COMPANY *v.* FARLEY.

1. Grounds of a motion for a new trial which are expressed in terms so vague, general or indefinite as not to indicate the nature or character of the errors alleged to have been committed, or which embrace utterly superfluous and unnecessary matter, such as lengthy colloquies between counsel on opposing sides, or between counsel and the court, tedious recitals of irrelevant facts, statements taken from the stenographic notes of the trial, and other like things, to such an extent as to bury the point in question under a great mass of entirely needless phraseology and thus render it very difficult, if not impracticable, for this court to ascertain what was really the ruling or other conduct of the court complained of, will not be considered.

2. The charge as a whole was clear and correct, and fairly submitted to the jury the issues involved. Taken in connection therewith, the charges complained of contain no error requiring a new trial. The alleged misconduct of the jury was sufficiently explained; the evidence warranted the verdict, and the same was not excessive in amount.

May 13, 1895. Brought forward from the last term. Code, §4271(a-c).

Action for damages. Before Judge VAN EPPS. City court of Atlanta. July term, 1894.

JACKSON & LEFTWICH, for plaintiff in error.

LONGINO & GOLIGHTLY, *contra.*

SIMMONS, Chief Justice.

1. It is well known to the members of the bar in this State that this court is overburdened with work. From

the first day of the October term, 1894, to the day on which our judgment in this case was rendered, nearly four hundred cases of that term were heard and disposed of, and we have not yet begun the hearing of cases on the civil docket of the March term, 1895. The constitution requires us to dispose of every case at the first or second term after the writ of error is brought. In order to give each case due consideration, we need the assistance of the bar, not only in the argument of their cases, but in the preparation of the record which is to be examined by the court. Although the tendency of the present day is towards condensation, and to exclude from consideration the "mint and anise and cummin" of the law and give judgment on its "weightier matters," many members of the legal profession continue the use of verbose, redundant and antiquated forms, and incumber the records unnecessarily by setting forth in many pages matter the substance of which could be clearly stated in less than one page. In recent years we have frequently had occasion to refer to this subject, and have insisted that counsel should, as far as practicable, condense the records in their cases. (See, among other cases, *Wiggins* v. *Norton*, 83 *Ga.* 150; *Mehaffey* v. *Hambrick*, *Id.* 598, 602; *Brown* v. *Moore*, *Id.* 605.) Some years ago a rule was promulgated by this court, similar to rule 5 of the present rules of court, which is as follows: "As time is precious and the necessary labor of the court is excessively onerous and exacting, every attorney is under obligation not to impose needless or unnecessary labor upon the court, or waste its time by means of verbosity, redundancy, surplusage, or irrelevancy, whether in argument, bills of exceptions, motions for new trial, briefs of evidence or other documents." In 1889 the legislature came to the relief of the court, by requiring that the records sent up to this court shall contain only so much of the brief of evidence and such other parts

of the record in the court below as are material to a clear understanding of the errors complained of. In the present case there are thirty-two grounds in the motion for a new trial, several of which are wholly superfluous, being so vague, general and indefinite as not to indicate the errors alleged to have been committed; such, for example, as the following: "Because the court erred, in that the court illegally withheld from the jury material evidence against the demand of the defendant." "Because of the illegal admission of material evidence to the jury against the demand of the defendant." "Because the presiding judge delivered to the jury erroneous instructions against the defendant on material points." "Because the court refused to give pertinent legal instructions to the jury in the language requested by the defendant, such request having been submitted in writing." We have frequently held that such grounds as these will not be considered. Other grounds are made up of extracts several pages in length from the stenographic report of the trial, in which the numerous questions of counsel in the examination of witnesses, as well as the answers, are set out in full, together with lengthy colloquies between counsel on opposing sides and between counsel and the court, and the whole so intermingled that the point in question is buried in a great mass of utterly superfluous matter, thus rendering it difficult if not impracticable for the court to ascertain the particular evidence or ruling complained of. These grounds we do not consider it necessary to deal with.

2. We have read the grounds of the motion for a new trial which complain of specified portions of the charge of the court. The charge as a whole was clear and correct, and fairly submitted to the jury the issues involved; and taken in connection therewith, the instructions complained of contain no error requiring a new trial. The alleged misconduct of the jury was suf-

ficiently explained; the evidence warranted the verdict, and in our opinion was not excessive in amount.

*Judgment affirmed.*