## NORRELL v. MORRISON.

## LEMLEY v. MORRISON.

99  317<br>Case 2<br>120   45

*Simmons, C. J.*—1. Where a case is tried in a justice's court and the losing party desires to appeal, he must enter the appeal within four days from the rendition of the judgment complained of; and where it does not appear either from an entry of filing or from extrinsic evidence that an appeal was actually filed with the magistrate rendering the judgment within the time above stated, the same should, on motion, be dismissed.

2. This case differs from that of *Harvey et al.* v. *Allen*, 94 *Ga.* 455. There it affirmatively appeared that an appeal from a decision of the court of ordinary actually arrived at the ordinary's post-office in due time; and under the peculiar facts of that case this was treated as a filing with the ordinary himself.

August 18, 1896.          *Judgment in each case reversed.*

Appeals.    Before Judge Kimsey.    Lumpkin superior court.    October term, 1895.

Execution having ben levied, claim was interposed, and on the trial was dismissed in a justice's court of Lumpkin county. Four days later, the claimant executed in Fulton county a bond for appealing the case to the superior court. There was no entry showing when, if ever, the appeal was filed in the justice's court. In the superior court plaintiff moved to dismiss the appeal, on the ground that it did not affirmatively appear that the appeal had been filed within the time required by law, nor that it had ever been filed in the justice's court. Claimant's counsel stated that the appeal bond was sent to the justice of the peace by mail, and that it could have reached him by due course of mail in due time; and this was not denied. The motion was overruled.

W. A. *Charters* and W. S. *Huff*, for plaintiffs.
R. H. *Baker*, contra.