# SOUTHERN RAILWAY COMPANY v. EMPIRE PRINTING AND BOX COMPANY.

1. Applications to reinstate cases that have been dismissed on motion of the opposite party are, even when made in due time, addressed to the sound discretion of the court.

2. Whether the case be considered upon the evidence admitted, or in the light of that evidence and the evidence rejected, no reason appears for reversing the judgment refusing to reinstate.

Argued April 6, — Decided May 12, 1904.

Motion to reinstate.    Before Judge Lumpkin.    Fulton superior court.    May 2, 1903.

*P. H. Brewster Jr.*, for plaintiff in error.
*J. E. & L. F. McClelland*, contra.

COBB, J.    The Empire Printing and Box Company sued the Southern Railway Company in a justice's court.    The railway company entered an appeal to the superior court.    When the case was called in that court the appeal was dismissed, on motion of the plaintiff's counsel, upon the ground that it did not affirmatively appear from the record that the appeal was entered within four days from the rendition of the judgment; the order of dismissal reciting that the bond given by the appellant was dated September 24, 1902, when the appeal appeared to have been entered on September 4, and the record did not disclose the date of the judgment appealed from.    During the term the railway company filed a motion to reinstate the case.    At the hearing of this motion the railway company, besides introducing evidence tending to show that it had a meritorious defense, introduced a certified copy of the judgment in the justice's court, from which it appeared that the judgment was rendered on August 30, 1902, and there was an entry upon the justice's docket of "appeal to superior court, and costs paid, this September 4, 1902."    The justice further certified that the appeal was entered within four days after the judgment, Sunday being excluded.    The appeal bond was also introduced in evidence, dated September 24, 1902.    On the back of this paper appeared the words, "Appeal filed September 4, 1902.    Edgar H. Orr, J. P.    All costs accrued paid.    September 4, 1902.    Edgar H. Orr, J. P."    At the bottom of the paper was an entry of filing in the superior court, showing that it was filed on September 5, 1902.    No other evidence being introduced, the court granted an order refusing to reinstate the case.    The railway company assigns error upon this judgment, and upon the refusal of the court to admit in evidence an affidavit of counsel for the railway company, to the effect that the bond was as a matter of fact dated September 4, 1902, that the date 24 was a

clerical error, and that he filed the bond on the 4th day of September. In a note in the bill of exceptions the judge certifies that this affidavit was not offered until the evidence had closed and the court was announcing its judgment, and further that no reason was given why evidence of the facts stated in the affidavit was not offered when the motion to dismiss was made.

It is clear from the facts recited that the appeal was properly dismissed. The record did not disclose the date of the judgment, nor did it appear that the appeal was entered within four days from the time the judgment was rendered. The recital in the appeal bond, that it was tendered within the time prescribed by law for entering an appeal, did not prevent the dismissal. *Huzza* v. *Clark*, 102 *Ga.* 579. See also *Norrell* v. *Morrison*, 99 *Ga.* 317. Even if it had appeared that September 4 was within four days after the rendition of the judgment, the bond purported to have been executed on September 24, and an appeal not made in forma pauperis is not complete until a proper bond is filed. The entry of filing by the clerk of the superior court showed prima facie that the bond was executed either on or prior to the date of filing. *Chapple* v. *Tucker*, 110 *Ga.* 468. But it did not show that the appeal was entered within four days from the date of the judgment, because when the motion to dismiss was made there was nothing to show when the judgment was rendered. The motion to reinstate was addressed to the discretion of the court. *Harrison* v. *Tate*, 100 *Ga.* 317; *Bird* v. *Burgsteiner*, 113 *Ga.* 1012. It was discretionary with the judge whether he would receive the affidavit of defendant's counsel at the time the same was offered, and whether, if received, he would regard the laches of counsel, in failing to offer the evidence when the motion to dismiss was made, a sufficient reason for refusing to reinstate.

*Judgment affirmed. All the Justices concur.*