## HENLEY v. BROCKMAN.

</div>

1. Though a distress warrant issued by a justice of the peace is made returnable on its face to the justice's court, yet if it be actually returned to the superior court, it is sufficient, and the latter court may entertain jurisdiction to try the issue formed by a counter-affidavit. *Lamar* v. *Sheppard,* 84 *Ga.* 561.

2. A motion for a new trial is not available for the purpose of calling in question pleadings of the plaintiff or amendments thereto. *Kelly* v. *Strouse,* 116 *Ga.* 874(6); *Johnson* v. *Thrower,* 123 *Ga.* 706.

3. When rent is due and unpaid, the landlord is entitled to a distress warrant against the tenant without having previously made a demand upon the latter for the payment of the rent.

4. "Grounds of a motion for a new trial which are expressed in terms so vague, general, or indefinite as not to indicate the nature or character of the errors alleged to have been committed, or which embrace utterly superfluous and unnecessary matter, such as lengthy colloquies . . between counsel and the court, tedious recitals of irrelevant facts, statements taken from the stenographic notes of the trial, and other like things, to such an extent as to bury the point in question under a great mass of entirely needless phraseology and thus render it very difficult, if not impracticable, for this court to ascertain what was really the ruling or other conduct of the court complained of, will not be considered." *Gate City Gas-Light Co.* v. *Farley,* 95 *Ga.* 796.

5. In this State the burden of keeping the premises in repair is generally on the landlord; but if in any case the tenant could recoup, as against the rent, damages flowing from patent defects existing at the time of the renting, and as to the existence of which both parties had equal opportunities for informing themselves, he can not do so where it appears that the landlord was not notified to repair, or that the tenant

could, by the exercise of ordinary care and diligence, have avoided the damage resulting from such failure to repair.

Argued January 24,—Decided February 21, 1906.

Distress warrant. Before Judge Bartlett. Douglas superior court. April 17, 1905.

*J. S. James,* for plaintiff in error. *E. M. Underwood,* contra.

BECK, J. Mrs. Brockman sued out a distress warrant against Henley for rent. Henley filed a counter-affidavit, denying indebtedness in general terms. When the case was called for trial, Henley offered to amend his affidavit by alleging, that at the time he made the contract of rental "he was induced to sign the contract . . believing that the farm was in first-class condition and would make a fine yield of cotton and corn, but after defendant had signed said contract and had gone on the place he found it in bad repair," there being several ditches on the place which were filled up and others that were partially filled; and that because of the defective condition of these ditches the yield of the crop was materially diminished by the overflow of the river upon which the farm was situated, damaging the defendant considerably more than the amount of rent distrained for. The court would not allow this amendment, and Henley excepted pendente lite. The jury returned a verdict for the plaintiff. The defendant made a motion for a new trial, upon the general grounds; because the court erred in not dismissing the distress warrant, for the reasons therein specified; because the court erred in allowing the plaintiff to amend the original affidavit by striking therefrom the word "about," preceding the amount distrained for, and to amend the distress warrant by striking therefrom the words and figures, "2347 lbs. of lint-cotton or value thereof," between the phrase, "the sum of," and the figures, "$281.64," so that the same when amended reads, "the sum of $281.64;" and by striking, wherever it occurs, "281.64," and inserting therefor, "$234.70." Error was also assigned in the motion, because the sheriff levied on certain quantities of cotton, corn, hay, etc., instead of confining his levy to lint-cotton; and further because the court held that it was not necessary for the plaintiff to have made a demand upon the defendant before bringing the action. The motion contained other assignments of error, which will be elsewhere considered. A new trial was denied, and the defendant excepted.

1-4. All of the questions raised in the motion for a new trial which merit consideration are sufficiently dealt with in the first four headnotes.

5. Now, coming to a consideration of the error alleged to have been committed by the trial judge in disallowing the amendment to the counter-affidavit, it may be observed that in the first paragraph of that amendment the defendant alleges that he did not know of the condition of the farm at the time he signed the contract of renting, and that he was induced to sign the same, "believing that the farm was in first-class condition," but that, after he had signed the contract and gone to the place, he found that it was in bad repair in certain specified particulars. The succeeding paragraphs of the amendment set up the losses alleged to have been sustained by plaintiff in error because ditches were filled up and because of the overflow of the Chattahoochee river. There is no allegation in the amendment that the plaintiff in the distress warrant represented the farm to be in first-class condition, or that she made any representation whatever in regard to its condition; nor that the defendant did not have equal means with the plaintiff of discovering the condition of the rented premises. Further, in the said amendment it is not alleged to what extent the ditches were out of repair or obstructed, or whether the obstructions could not have been removed by the tenant himself without any considerable expense, and the damage complained of entirely avoided. And besides this, no notice appears to have been given to the landlord of the alleged defects. Under the common law the burden of making repairs was placed upon the tenant, but that rule is not of force in Georgia. Our code (Civil Code, § 3123) provides that the landlord must keep the premises in repair. "Under the law of this State, it is presumed that the premises leased are in a condition suitable for the purposes for which they were rented; and if such is not the case, and damage results therefrom to the tenant, the landlord is liable, provided he has had notice of the defective condition of the premises and has failed after a reasonable time to make the necessary repairs, and provided also that the tenant has not been guilty of such negligence as to bar a recovery by him." *Stack* v. *Harris,* 111 *Ga.* 150. In two very material respects does the plaintiff in error in this case fail to bring himself within the operation of the law changing the rule of the common law in

regard to the duty of making repairs, so as to entitle himself to the right to set off or recoup damages as against the landlord's demand for rent. First, he failed to give notice to his landlord of the repairs alleged to be necessary; nor does he show that he was himself not guilty of such negligence as would preclude his right to recover damages or set them off against the landlord's demand for rent. The tenant does not, in the case at bar, contend that his opportunities for discovering the defects in the premises were not as good or better than those of the landlord. The latter, it is distinctly alleged, was a non-resident of the State, while the former was a resident of the county in which the farm was situated. In the case of *White* v. *Montgomery*, 58 *Ga.* 204, it was held, that "It is the duty of the landlord, when he rents a tenement to a tenant at full price, to make it suitable for the purpose for which it is rented, unless the tenant knows as much about its condition as he does." And in *Driver* v. *Maxwell*, 56 *Ga.* 11, it was held, that, "In this State, the burthen of keeping the premises in repair is generally on the landlord, but patent defects existing at the time of the renting, and equally well known to both parties, are not to be amended by him, or at his expense, without a special undertaking." In a very strong dissenting opinion in the *Driver* case, referring to the rule which imposes upon the landlord the duty to repair after notice, Judge Jackson emphasizes it as an indispensable prerequisite that "*the tenant must give notice to the landlord to repair.* The rule, just everywhere, is the more expedient in the farming operations of our people. It becomes all-important in cases of this sort not to extend or expand the rule one *iota* in favor of the tenant. As a practical question, it pervades the State in its great agricultural interests everywhere; and it is all-important, in my judgment, so to construe the act as to require the tenant to notice his fences and tell the landlord that they need repair, or hold him responsible for his neglect." It is true that the tenant in the case at bar alleges that he was ignorant of the defects; but they were patent, and we take it, from the pleader's failure to allege knowledge on the part of the landlord, and from the positive allegation that the latter was a non-resident, that the defects were at least as well known to the tenant as to the owner of the premises. The tenant, immediately upon the discovery of the lack of repair in the matter of ditches, should have given his landlord notice of the same, so

that they could have been put in repair and harmful results avoided. Under the terms of the contract of renting he had the right of entry upon the premises on the first day of January, 1903, and we presume that he went into possession of the lands at that time. In the preparation of the lands for the planting of crops, the tenant had ample opportunity of discovering whether or not the ditches were obstructed, or were in condition to effectuate the purposes for which they were cut. The very slightest diligence would have enabled him to ascertain the exact conditions of his rented farm as to fences, ditches, and all other accessories to good husbandry; and he had, before commencing to till the land or plant his crops, an opportunity of calling upon the landlord to make repairs, even if the law, under the facts and circumstances of this case, puts the burden on the landlord of repairing the defects complained of in the counter-affidavit; and his failure to exercise any diligence in this regard, to discover what was patent to every eye, precludes him from setting up any claim for damages as against the rent, under the rule that the landlord must keep the premises in repair. And because of his failure to give notice, as well as because "the tenant can not recover for any damages resulting from a failure to repair, which he could by the exercise of ordinary care have avoided" (*Aiken* v. *Perry,* 119 *Ga.* 263), we conclude that in disallowing the amendment the trial judge committed no error.

*Judgment affirmed. All the Justices concur.*