5209.   COHEN *v.* BRUNSON.

POTTLE, J.   1. "Where in the body of an appeal bond it is recited that the appellant 'came within the time allowed by law' and entered his appeal, and the record shows nothing to the contrary, the appeal will be held to be in time." *Dieter* v. *Ragsdale*, 120 *Ga.* 417 (47 S. E. 942). See also *Kimbrough* v. *Pitts*, 63 *Ga.* 496. Even if the decisions in *Norrell* v. *Morrison*, 99 *Ga.* 317 (25 S. E. 700), *Huzza* v. *Clark*, 102 *Ga.* 579 (27 S. E. 677), and *Southern Ry. Co.* v. *Empire Printing &c. Co.*, 120 *Ga.*

43 (47 S. E. 542), conflict with the decision of the Supreme Court in *Kimbrough* v. *Pitts*, supra, that decision, being the oldest, is controlling upon this court. Moreover, it was expressly followed in *Dieter* v. *Ragsdale*, supra.

2. In the light of the explanation made by the trial judge, it was not erroneous to reject evidence as to the former testimony of a witness averred to be beyond the jurisdiction of the court on the date of the trial. Generally the question as to the diligence of a party in endeavoring to procure the testimony of an absent witness is a matter left to the discretion of the court, even if the mere absence of a witness in another State would authorize the reception of evidence of his former testimony in a civil case. *Robinson* v. *State*, 128 *Ga.* 254 (57 S. E. 315).

3. The mere fact that a tenant pays rent after sustaining damage on account of the negligent failure of his landlord to make necessary repairs after notice does not estop the tenant from subsequently maintaining an action to recover such damage, or from setting off the damage against the landlord's claim for rent.

4. In a motion for a new trial error can not properly be assigned upon the allowance of an amendment to a pleading (*Pilgrims Ins. Co.* v. *Scott*, 12 *Ga. App.* 749, 78 S. E. 469), or upon the refusal of the court to strike a portion of the adversary's pleading.

5. The other grounds of the motion for new trial, having been expressly disapproved by the trial judge, will not be considered.

6. The evidence authorized the verdict.           *Judgment affirmed.*

DECIDED JANUARY 20, 1914.

Appeal; from Fulton superior court—Judge Bell.   July 11, 1913.

*Morris Macks,* for plaintiff in error.

*John F. Methvin,* contra.