10415. CARROLL *v.* CARMAN.

JENKINS, P. J. 1. The excerpts from the charge of the court, that "patent defects are not covered by a general express warranty, unless intended to be covered," and that "the burden of keeping the premises in repair is generally on the landlord; but if in any case the tenant could recoup as against the rent damages flowing from patent defects existing at the time of the renting and as to the existence of which both parties had equal opportunities of informing themselves, he can not do so where it appears the landlord was not notified to repair or notified of the defect," are not subject to the criticism that they were "not authorized by the pleadings or by the evidence." These were correct statements of principles of law. Civil Code (1910), §4140; *Henley* v. *Brockman,* 124 *Ga.* 1059 (5) 1061 (53 S. E. 672); *Weyman* v. *Maynard,* 24 *Ga. App.* 94 (2) (100 S. E. 25), and cases cited. Some of the alleged defects, if they existed at all, must necessarily, under the evidence and from their very nature, have been patent.

2. The evidence, though conflicting, was sufficient to authorize the verdict, which has the approval of the trial judge, and no reason appears why the verdict should be set aside.

　　　*Judgment affirmed. Stephens, J., concurs. Smith, J., disqualified.*
　　　　　　　　　　DECIDED NOVEMBER 26, 1919.

Distraint; from DeKalb superior court—Judge Smith. February 7, 1919.

*Alonzo Field, Carl T. Hudgins,* for plaintiff in error.

*L. B. Norton, C. M. Lancaster, W. S. Dillon,* contra.