## O'CONNOR *v.* HORNE.

BECK, P. J. This was an action in the statutory form for recovery of land. A verdict was rendered for the plaintiff, and the defendant excepted to the refusal of a new trial. *Held:*

1. An exception to "the entire charge of the court," on the ground that it "is erroneous and does not clearly and distinctly set out all of the issues in the case at bar, and because the court failed to charge the entire law of the defendant's contentions," is insufficient to raise any question for decision, unless the entire charge of the court is erroneous, which does not seem to have been true of the charge in the instant case, judging by certain extracts that are excepted to. Moreover, the court can not determine whether the entire charge was erroneous, as it is not made a part of the record in the case.

2. Ground 2 of the amendment to the motion for a new trial is as follows: "Because the court erred in each and every one of the rulings as set out in exhibit ' A,' said exhibit being herewith attached, referred to and made a part of this amended motion, and each one especially mentioned, and to which special attention is called in each instance. All of said rulings being error, contrary to the law and without any law to support the same." This ground raises no question for decision by this court, inasmuch as the exhibit which is made a part of this ground con-

Appeal and Error, 3 C. J. p. 900, n. 96; p. 909, n. 81; p. 922, n. 40; p. 923, n. 41; p. 1370, n. 33, 34.

Ejectment, 19 C. J. p. 1199, n. 33.

New Trial, 29 Cyc. p. 942, n. 95.

Trial, 38 Cyc. p. 1316, n. 35; p. 1320, n. 52.

sists of a long and confused statement of rulings of the court, objections made to the admission of evidence, colloquies of counsel, and references to descriptions of land in deeds, the substance of which is nowhere set out. *Gate City Gas Light Co.* v. *Farley,* 95 *Ga.* 796 (23 S. E. 119); *Henley* v. *Brockman,* 124 *Ga.* 1059 (53 S. E. 672).

3. In the third ground error is assigned upon the admission in evidence of "each deed as named and described in said exhibit 'A,' and the fi. fa., the sale, and the levy of the said fi. fa." Neither in this ground nor in the lengthy exhibit to which reference is made are the documents referred to set out literally or in substance; and consequently no question for decision by this court is properly made.

4. There is no merit in the assignment of error upon the court's overruling the motion for a nonsuit.

5 In the fifth ground exception is taken to certain language used by the court, because, as is contended, it contained an expression of opinion by the court as to the evidence. The expression excepted to is: "The plaintiff shows title and possession, doesn't he? He testified that the sheriff put him in possession." It is not alleged that this was said in the charge to the jury, but apparently it was a remark to counsel when the latter made a motion for nonsuit. Used in that connection, it does not fall under the inhibition in the law against the expression or intimation of opinion by the judge.

6. Exception is also taken to the use by the court of the following language: "In the absence of anything to the contrary, he would be entitled to recover on the showing." This exception is without merit, as there is nothing to show under what circumstances, whether in a charge to the jury or in a colloquy with counsel, this expression was used. Nor is there any intimation as to what "showing" the court had reference.

7. Error is assigned upon the admission in evidence of certain specified deeds, naming the grantors and grantees, "as set out in said exhibit A." These deeds are not set out either literally or in substance, and this assignment of error falls under the ruling made in the third headnote above.

8. Exception is taken to the use by the court of the following language as to the deeds last referred to: "They are sufficient to admit them as evidence. It is a question for the jury to pass on the identity of the land." This exception is without merit, in view of the rulings made above.

9. Error is assigned upon the following charge of the court: "I charge you, gentlemen of the jury, that when the plaintiff relies upon a sheriff's deed and introduces it in evidence, accompanied by the fi. fa. upon which it is based, and shows, if he does show, either title in the defendant in fi. fa., or possession in the defendant in fi. fa. after the rendition of the judgment, the plaintiff would establish a prima facie case, and the burden would be shifted upon the defendant to show a better outstanding title than that possessed by the defendant in fi. fa. at the time of the sale by the sheriff. The sheriff's deed would convey all title owned or possessed by the defendant in fi. fa., D. S. Swinnie, and no conveyance by D. S. Swinnie subsequent to the sheriff's deed

would affect the title of the purchaser at such sheriff's sale." This charge was not erroneous. ·*Whatley* v. *Newsom*, 10 *Ga.* 74; *Mechanics &c. Bank* v. *Harrison*, 68 *Ga.* 463.

10. The court charged the jury as follows: "A plaintiff in ejectment may recover premises in dispute under prior possession alone against one who subsequently acquires title by mere entry and without any legal right whatever." This is excepted to upon the ground that "it was practically directing the jury that the defendant in this case went into possession of the premises without any authority for so doing." The charge is not erroneous for the reason assigned.

11. Error is assigned upon the court's charge, in that the court "erred in its definitions of what is and what was title by prescription and what is constructive possession and what is actual possession of lands." The movant does not set forth either literally or in substance what the court charged upon these questions, and the exception taken is obviously without merit.

12. Upon consideration of the entire record, this court can not say that there is no evidence to support the verdict.

*Judgment affirmed. All the Justices concur.*

No. 5969. December 15, 1927.

Complaint for land. Before Judge Camp. Treutlen superior court. March 12, 1927.

*William B. Kent,* for plaintiff in error.

*A. C. Saffold* and *Will Stallings,* contra.