STAMPS *et al.* v. TISINGER, administrator.

No. 8943. JULY 12, 1932.

*Smith & Millican,* for plaintiffs in error.
*Willis Smith,* contra.

GILBERT, J.  Tisinger, as administrator of the estate of Thomas Stamps, brought suit to cancel a deed made by his intestate to Z. T. Stamps et al., on the ground that the intestate, at the time of executing the deed, was mentally incapable of making a valid deed; that the deed was void because of undue influence exercised by the grantees, and because of fraud.  The court submitted three questions to the jury, which were, together with the answers made by the jury, as follows: "1.  Should the deed in question from Thomas Stamps to Z. T. Stamps and Josie Stamps be set aside on the ground of lack of mental capacity of the grantor, Thomas Stamps?  The jury answered, No.  2.  Should said deed be set aside on ground of fraud?  Answer, No.  3.  Should said deed be set aside on grounds of undue influence?  Answer, Yes."  The jury having found against the allegation of mental incapacity and against fraud and in favor of the charge of undue influence, the deed was canceled by decree of court.  The defendants' motion for a new trial was overruled, and they excepted.  The motion consisted of the general grounds and four grounds by amendment.

■ The four grounds of amendment to the motion for a new trial fail to comply with the rule that grounds of a motion for a new trial must plainly and distinctly set forth the errors complained of.  On the contrary, these grounds are vague, confused, and indefinite, being composed of colloquies of counsel on both sides and of the court, including much that is unnecessary.  For these reasons the amendments to the motion will not be considered.  *Gate City Gas-Light Co.* v. *Farley*, 95 *Ga.* 796 (23 S. E. 119); *Seymour* v. *Daniel*, 97 *Ga.* 328 (23 S. E. 37); *Henley* v. *Brockman*, 124 *Ga.* 1059 (4) (53 S. E. 672); *Jeffers* v. *State*, 145 *Ga.* 74 (6) (88 S. E. 571); *O'Connor* v. *Horne*, 165 *Ga.* 349 (141 S. E. 74).

■ The evidence was wholly insufficient to support the verdict finding that the deed was void because of undue influence, and it was error to refuse a new trial.

*Judgment reversed.  All the Jutices concur.*