## TANNER v. WILSON; *et vice versa.*

Nos. 10480, 10481.  JUNE 13, 1935.

*Heath & Heath,* for Tanner.

*Bennett & Bennett* and *R. A. Moore,* contra.

BECK, Presiding Justice.  A. W. Wilson, transferee of three promissory notes executed by Mrs. Lora Tanner, and payable to Mrs. Sheba Davis or bearer, filed suit on them against Mrs. Tanner. The notes were executed October 17, 1924, and were due January 1, 1925, January 1, 1926, and January 1, 1927, respectively.  The principal amount due at the time of the suit was $1431.50.  One of these notes, the others being similar, is as follows:

"Georgia, Coffee County.  October 17, 1924.  On the first day of January, 1925, next I promise to pay Mrs. Sheba Davis, or bearer the sum of five hundred, thirty-seven, and 50/100 dollars, for value received, with interest at 5 per cent. per annum from date, and ten per cent. attorney's fees on principal and interest in the case of collection by suit or through an attorney.  And to secure the payment of this note I hereby mortgage and convey unto the said payee, her heirs and assigns, the following described property, to wit:" Here follows a description of the land in question.

These mortgage notes were junior to an outstanding deed to secure debt, executed by Mrs. Tanner in favor of the Federal Land Bank of Columbia, in the approximate sum of $1700.  Wilson asked for a general judgment against Mrs. Tanner and a special judgment against the land included in his mortgage.  In his original suit Wilson made no reference to the outstanding deed to secure debt, but by amendment he asked that he have a special judgment subject to that deed.

Mrs. Tanner filed her answer, admitting the original execution

of the notes, but denying the assignment of them to Wilson. After other general denials, she admitted the execution of the mortgage notes, but denied that they were a conveyance of the land, and pleaded that they were only liens, and that there was an outstanding deed to secure debt in favor of the Federal Land Bank, and that for this reason Wilson was not entitled to a special judgment. "Further answering plaintiff's petition as a whole, defendant says she has a counter-claim against the payee of said notes, which she desires to set up by way of amendment as soon as she can assemble the necessary information, which she has been prevented from filing on account of the destruction of her home by fire which destroyed said original information, and she will have to assemble it from other sources." By various pleadings filed by Wilson the issue was raised as to whether or not he was entitled to a special judgment subject to the outstanding deed to secure debt; and upon adverse rulings Wilson filed cross-bill of exceptions. Just before the trial Mrs. Tanner filed what she called an "equitable amendment" in which she pleaded payment, setting out eight transactions beginning February 29, 1924, ending August 13, 1924, and totaling $1370. The payments were alleged to have been made in money, except that one was a credit of $16 for hogs. One of the notes held by Wilson showed two credits, one for $16 for hogs and the other for $90. Wilson contended that all of the eight alleged payments were not made, except the two stated above. On the trial Mrs. Tanner produced six receipts purporting to be signed by Harrison Davis, the husband and agent of the original payee, Mrs. Sheba Davis. Wilson contended that the six receipts were forgeries.

The jury returned a verdict in favor of the plaintiff for approximately the amount sued for. The defendant's motion for new trial was overruled, and she excepted. The plaintiff filed a cross-bill of exceptions.

The original motion for new trial contains the general grounds. The first ground of the amendment to the motion contains an assignment of error on the court's refusal to grant a mistrial. This court declines to pass upon this ground. The question which counsel for plaintiff in error seeks to have decided is not made in such a way as to call for a ruling by this court. This one ground fills thirteen pages of the record. Rulings made by the court, questions and answers, and several pages of evidence from

the record are introduced into this ground. Questions and answers are inserted, and remarks made by the court to counsel. This court has in several cases, in ruling upon the grounds of a motion for new trial, held that a ground framed as this one is will not be considered, and we adhere to that ruling now. See *Gate City Gas-Light Co.* v. *Farley,* 95 *Ga.* 796 (23 S. E. 119); *O'Connor* v. *Horne,* 165 *Ga.* 349 (141 S. E. 74).

Ground 2 of the amendment is as follows: "Because the court erred in his charge to the jury, in that, after he had apparently completed his charge and instructed the jury as to the forms of verdicts they would be authorized to render in the case, he went further, and in immediate connection therewith erroneously further charged the jury as follows: 'I believe, however, it is conceded in this case that if you should find in favor of the plaintiff in any amount—I believe the defendant admits, or her counsel do in their argument, that they would be entitled to recover $279, I believe, and some interest; I don't know what the amount was; but in any event I think a verdict in favor of the plaintiff in either event would speak the truth of the transaction under the contentions of the plaintiff and defendant in the case, because the defendant admits that if they are entitled to recover at all it would be $279, I believe, and some cents. I don't remember the amount; you gentlemen perhaps do; whatever Mr. Heath said in reference to it. It will be a verdict for the plaintiff in any event, whatever amount you find for the plaintiff. Gentlemen, you determine this case from the evidence that has been submitted to you, and find what is right in the case under the evidence and the rules of law that I have given you in charge.' To the giving of said portion of charge last above quoted the defendant then and there excepted, here and now excepts, and assigns the same as error of law and fact, and as contrary to law and the facts and issues in the case, and further assigns specific error thereon as follows:

"(a) Because said charge was tantamount to directing a verdict for the plaintiff, while there were contested issues of fact to be passed upon by the jury, and was without evidence or pleadings to warrant such a charge.

"(b) Because the words, 'They would be entitled to recover $279, I believe, and some interest,' expressed an opinion of the court to and in the presence of the jury as to the amount the plain-

698

tiff would be entitled to recover, while there were in the case contested issues of fact to be determined by the jury; and because said instruction usurped the province of the jury, in that under the facts and pleadings in the case the jury could have found in favor of the defendant.

"(c) Because the portion of said charge as follows: 'but in any event I think a verdict for the plaintiff in either event would speak the truth of the transaction under the contentions of the plaintiff and defendant in the case, because the defendant admits that if they are entitled to recover at all it would be $279, I believe, and some cents,' expressed an opinion of the court to and in the presence of the jury on what had or had not been proven in the case, and upon the contentions, issues, and pleadings in the case, in that the language, 'but in any event I think a verdict in favor of the plaintiff in either event would speak the truth of the transactions,' expressed an opinion by the court to and in the presence of the jury on what had been proven in the case, and usurped the province of the jury to determine the weight and credibility of the testimony; in that the words 'would speak the truth of the transactions' was calculated to call the attention of the jury to the fact that the court was of the opinion that the preponderance of the testimony lay with the plaintiff, and that the weight and credibility of the plaintiff's testimony outweighed that of the defendant; while there were sharply contested facts in the case to be determined by the jury, and because, under the evidence, the jury could have found in favor of the defendant.

"(d) Because the language in said excerpt, 'It will be a verdict for the plaintiff in any event, whatever amount you find for the plaintiff,' made it mandatory to return a verdict for the plaintiff without regard to the issues of fact in the case to be determined by the jury, and was confusing to the jury, in that the same was contradictory of other instructions previously given in the charge in said case, to wit: 'The court charges you that if you should find that the purchase-price agreed upon was $3000, from the evidence, then that would be the purchase-price of the property. Those are issues of fact for you to determine under the evidence delivered as to what the purchase-price of the property was, what they agreed upon, and whether or not the notes sued upon represent the true amount between the amount of the loan deed that they assumed and

the purchase-price of the property. These are issues of fact for you to determine from the evidence. The court charges you further, that the plea of payment filed in the court here, that if you believe from the evidence, the issues and circumstances of the case, that Mrs. Tanner paid all the payments as set out in her answer, the amendment to her answer, then you would give her credit for whatever payments you believe from the evidence that she has made upon these notes.' And 'If you find in favor of the defendant, the form of your verdict will be, We, the jury, find in favor of the defendant,' and left the jury to decide which of the two conflicting charges should be obeyed. Said charges were conflicting, in that the one instructed the jury to find a verdict from the evidence, while the other instructed the jury to find a verdict for the plaintiff in any event. Said charge was injurious, in that under the evidence the jury could have found a verdict for the defendant. Said charge was misleading, in that it left the jury in a quandary as to which of the two conflicting charges should be followed.

"(e) Because the final instruction given by the court at the end of said charge, to wit: 'You determine the case from the evidence that has been submitted to you, and find what is right in the case under the evidence and rules of law that I have given you in charge,' was not given as a correction of the previous erroneous charges hereinabove quoted, to wit: 'But in any event, I think a verdict for the plaintiff in either event would speak the truth of the transaction under the contentions of the plaintiff and defendant in the case,' and again, 'It will be a verdict for the plaintiff in any event, whatever amount you find for the plaintiff,' was conflicting and confusing to the jury, in that it left the jury to decide which of the two conflicting charges should be followed, or which were correct; and because said charge required the jury to render a verdict 'from the evidence that has been submitted to you, and find what is right in the case under the evidence and the rules given in charge,' while one of the rules given in charge to the jury was: 'It will be a verdict for the plaintiff in any event,' which made it mandatory on the jury to return a verdict for the plaintiff in utter disregard of the other rule of law to find a verdict 'from the evidence in the case;' and because said charge disregarded the contested issues of fact in the case to be determind by the jury.

"(f) Because under said erroneous charge of the court the

jury returned a verdict in favor of the plaintiff for $1300 and odd dollars, while there was evidence in the case authorizing the jury to find a verdict in favor of the defendant, which eliminated any and all payments alleged to have been made by defendant on the indebtedness sued upon.

"(g) Said charge complained of was prejudicial to defendant in the following particulars: 1st, because it amounted to a direction of a verdict for the plaintiff; 2nd, because it expressed an opinion of the court as to the amount of the verdict in favor of the plaintiff; 3rd, because it expressed an opinion of the court on what had or had not been proven, and on the issues, contentions, and evidence; 4th, it prevented the jury from determining the case and rendering a verdict according to the evidence in the case, and usurped the province of the jury; and 5th, because said charge was contradictory, confusing, and misleading to the jury as above set out."

In view of the other parts of the charge, this charge was not error. In the bill of exceptions the judge certified: "As to ground two of amended motion for new trial, counsel for defendant, Mr. Heath, admitted in his argument to the jury that a verdict should be for the plaintiff for some amount, and I think $279 was the amount mentioned." In view of this admission the judge was authorized to instruct the jury as he did upon this question; and the part of the charge excepted to did not amount to the direction of a verdict except for the amount of $279. The other issues of fact raised by the plea of payment, etc., were properly submitted to the jury.

■ The ruling stated in the third headnote requires no elaboration.

■ The evidence authorized the verdict, and the assignments of error not specially mentioned do not show cause for the grant of a new trial.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*