### 46481. ELLENBERG et al. v. PINKERTON'S, INC. et al.

ARGUED SEPTEMBER 14, 1971—DECIDED FEBRUARY 11, 1972— REHEARING DENIED MARCH 6, 1972—

*Myers & Parks, John R. Parks,* for appellants.

*Landau, Davis & Farkas, Edmund A. Landau, Jr.,* for appellees.

QUILLIAN, Judge. It is well settled that one is not responsible for the torts of its independent contractor except in those instances set out in *Code* § 105-502.

We assume for the purposes of this opinion that Central of Georgia introduced facts tending to establish that contractually Pinkerton's was not its employee. It was shown that Central of Georgia assumed no control over the manner or means of achieving the aim for which Pinkerton's was employed but merely selected Pinkerton's to accomplish an "activities check." The issue here is whether, as a matter of law, Central of Georgia could enter into an independent contractor relationship with Pinkerton's for the purpose of conducting an investigation into the plaintiff's affairs where such action would constitute an invasion of his privacy.

In determining whether in a situation of this sort the defendant can interpose the independent contractor shield to a suit against it, we must consider the Georgia law with regard to the right of privacy. Georgia was among the first jurisdictions to give recognition to a right of recovery for the tortious invasion of one's privacy. The landmark decision in this area is *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190 (50 SE 68, 69 LRA 101, 106 ASR 104, 2 AC 561). Where one's privacy is invaded, "whether or not there is express malice, that is, a motive to harm the plaintiff by the activity engaged in, is immaterial, because the absence of the motive will neither insulate the defendant if the tort is in fact committed nor will its presence create a cause of action if none otherwise exists." *Pinkerton &c. Agency v. Stevens,* 108 Ga. App. 159, 166 (132 SE2d 119).

In this case and others, both Georgia and other jurisdictions have recognized that one may waive this right to privacy. Anno., 13 ALR3d 1025. This occurs, for example, where one elects to sue another for injuries he receives. In such case, it has been recognized for a limited purpose that the plaintiff may waive his right to privacy and the defendant has the right to conduct a reasonable investigation of the plaintiff in order to ascertain the validity of the plaintiff's claim. A succinct expression of this proposition is found in the recent case of *Bodrey v. Cape,* 120 Ga. App. 859, 866 (172 SE2d 643): "The right of privacy may be implictly waived and it is waived by one who files an action for damages resulting from a tort to the extent of the defendant's intervening right to investigate and ascertain for himself the true state of injury." Nevertheless, as has been pointed out, the reasonableness of the investigation under the circumstances is a question for the jury. *Pinkerton &c. Agency v. Stevens,* 108 Ga. App. 159, supra.

As held in *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190 (8), supra: "The right of privacy may be waived either expressly or by implication, except as to those matters which law or public policy demands shall be kept private; but a waiver authorizes an invasion of the right only

to such an extent as is necessarily to be inferred from the purpose for which the waiver is made. A waiver for one purpose and in favor of one person or class does not authorize an invasion for all purposes or by all persons and classes." See *McDaniel v. Atlanta Coca-Cola Bottling Co.,* 60 Ga. App. 92, 100 (2 SE2d 810). It is therefore apparent that the waiver of the right of privacy is only with regard to the defendant and does not extend to others.

In the case sub judice, Central of Georgia had the right to invade the plaintiff's privacy, but only in a reasonable and proper manner and only in furtherance of its interest with regard to the suit against it. It could not delegate its duty of conducting a proper investigation to Pinkerton's so as to insulate itself from suit if Pinkerton's failed to conduct a reasonable surveillance. That being true, the independent contractor rationale is not applicable in this case. There being a question remaining for jury determination as to whether the investigation was reasonable, the trial judge erred in granting Central of Georgia's motion for summary judgment.

*Judgment reversed. Jordan, P. J., and Evans, J., concur.*