## 47104. QUEEN v. HARRELL.

EBERHARDT, Presiding Judge. This was a dispossessory proceeding brought against a tenant holding over. The tenant filed an answer and counterclaim in three counts. The defendant landlord moved to dismiss the whole proceeding upon the ground of mootness, it appearing that immediately after the proceeding was instituted the tenant moved out. The tenant sought to add the landlord's wife as a party defendant. The trial court dismissed the proceeding and the counterclaim with it, on the ground of mootness, and the tenant appeals. *Held:*

1. Since the proceeding sought only to gain possession of the premises it would appear that any error, if there be such, in dismissing the dispossessory proceeding was harmless. In any event, there is no enumeration of error as to that.
2. But dismissal of the tenant's counterclaim was error. It is the purpose of the Act of 1971 (Ga. L. 1971, p. 536) amending *Code* §§ 61-302 and 61-303 to afford the parties a speedy trial on the merits insofar as this can be done.

While the grounds of the counterclaim appear to be largely without basis in law, the tenant is entitled to have his cause heard and if, within the ambit of *Aikin v. Perry,* 119 Ga. 263 (2, 3) (46 SE 93); *Henley v. Brockman,* 124 Ga. 1059 (53 SE 672); *Smith v. Green,* 128 Ga. 90 (57 SE 98); *Ellis v. Millen Hotel Co.,* 192 Ga. 66 (14 SE2d 565); *Cohen v. Brunson,* 14 Ga. App. 170 (80 SE 679); *Adair v. Allen,* 18 Ga. App. 636 (89 SE 1099); *Carroll v. Carman,* 24 Ga. App. 508 (101 SE 201), and other appropriate authorities, it appears that he has any right of recovery, setoff or of recoupment, judgment should be properly molded to afford them.

*Judgment reversed. Deen and Clark, JJ., concur.*
ARGUED APRIL 6, 1972—DECIDED APRIL 20, 1972.

. *Lee Payne,* for appellant.
Melton Harrell, *pro se.*