56130. C. J. M. CORPORATION v. B. O. T. H.

SMITH, Judge.

B. O. T. H., a partnership, leased certain premises to C. J. M. Corporation, and C. J. M. immediately sub-let the premises to Camelot Distributing Company. After sub-lessee Camelot took possession of the premises, a roof leak developed. Camelot notified B. O. T. H. about the leak, and almost a year later Camelot ceased to pay rent to C. J. M. because of the leaks; C. J. M. in turn ceased to pay rent to B. O. T. H. Thereafter, B. O. T. H. brought an action against C. J. M. as a tenant holding over, seeking judgment for the rent. C. J. M. counterclaimed for damages allegedly caused it by the leaking roof. B. O. T. H. filed motions for summary judgment and to dismiss the counterclaim, both of which were granted by the trial court. C. J. M. now appeals, contending there exist conceivable facts which could support the counterclaim for damages, and therefore neither the motion to dismiss nor the motion for summary judgment should have been granted. We agree; the judgment is reversed.

1. "Insofar as general rules of pleading are

concerned, a counterclaim stands upon the same footing as an original claim . . .

"Thus, just as with an original claim, a motion to dismiss a counterclaim for failure to state a claim upon which relief can be granted should not be granted unless it appears to a certainty that the defendant would be entitled to no relief under any state of facts which could be proved in support of the counterclaim, and if within the framework of the complaint evidence may be introduced which will sustain a grant of relief to the defendant, the counterclaim is sufficient." *Grant v. Fourth Nat. Bank,* 229 Ga. 855, 859 (194 SE2d 913) (1972).

2. Is there a conceivable set of facts which C. J. M. could have proved to support its counterclaim? The elements of the counterclaim are fundamentally a breach of a duty to repair, which breach caused C. J. M. to suffer damages. The parties have concentrated on the second prong, for there is little doubt the counterclaim sufficiently alleges a breach of the duty to repair. B. O. T. H. contends that the property damaged was not the property of C. J. M. but was, rather, the property of Camelot, and therefore C. J. M. has no claim for damages. C. J. M. contends, "Because of the water leakage, Camelot found the warehouse to be untenantable. As a result, it refused to pay rent and moved. In doing so, C. J. M. lost its subtenant and was, in effect, put out of business at that location." We know of no reason why the loss of business, or the loss of rental income, could not constitute a cognizable claim for damages in an action by a tenant against his landlord for breach of the landlord's duty to repair. The counterclaim admits of proof of such damages; the tenant C. J. M. was entitled to an opportunity to prove them. *Queen v. Harrell,* 126 Ga. App. 122 (190 SE2d 160) (1972). The grant of the motion to dismiss was error.

3. The trial court expressly predicated its grant of B. O. T. H.'s motion for summary judgment on its previous grant of B. O. T. H.'s motion to dismiss the counterclaim. That predicate being no longer valid, we reverse the grant of summary judgment to allow reconsideration in light of the legally sufficient counterclaim.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

ARGUED JUNE 28, 1978 — DECIDED JULY 14, 1978.

*Smith, Cohen, Ringel, Kohler & Martin, John A. Howard, William D. Barwick,* for appellant.

*Harland, Cashin, Chambers, Davis & Doster, Thomas J. Venker, Hurt, Richardson, Garner, Todd & Cadenhead, R. Dennis Withers,* for appellee.