57059. UNITED STATES SHOE CORPORATION v. JONES et al.
57060. U. S. A., INC. v. JONES et al.

BANKE, Presiding Judge.

This is a false-imprisonment action filed on behalf of a minor child to recover damages for wounded feelings resulting from the child's detention for shoplifting. The defendants are a clothing store (United States Shoe Corporation d/b/a Casual Corner) and a private security agency (U. S. A., Inc., d/b/a United Security Agency) which was retained by the store to detect and apprehend shoplifters.

A United Security guard detained the plaintiff as she was leaving the store and accused her of taking the gold necklace which she was wearing around her neck. The plaintiff responded that the necklace had been given to her by her parents. The guard escorted her to the assistant manager's office and told the assistant manager that she had witnessed the plaintiff take the necklace. The plaintiff again stated that the necklace was a gift from her parents and expressed a desire to leave so that she could contact her mother, who was waiting in the parking lot outside. After the guard procured the necklace, the assistant manager accompanied the plaintiff outside the store to meet her mother. The latter confirmed the plaintiff's story as to where the necklace had come from, and all three proceeded back to the store office. There, the security guard produced a release form which she said would have to be signed. The mother refused, and the

assistant manager informed her that the store's policy was *not* to prosecute minors. The mother replied that she intended to prosecute the store, whereupon the necklace was returned to her; and both the plaintiff and her mother were allowed to leave. The plaintiff also introduced evidence showing that the store did not stock necklaces of the same quality as the one the plaintiff was wearing when she was detained.

Casual Corner filed a cross claim against United Security alleging that the assistant manager had acted solely in reliance upon the statements and actions of the guard and that Casual Corner was therefore entitled to indemnity for any liability which might be adjudicated against it. A jury awarded the plaintiff damages in the amount of $12,000; and the trial court, acting as fact finder on this issue by agreement of the parties, denied the store's cross claim. Both defendants appeal. *Held:*

1. Casual Corner contends that it was insulated from liability as a matter of law because the guard was acting in the status of an independent contractor. See Code §§ 105-501, 105-502. However, even assuming arguendo that the evidence would authorize the store to claim such a status as a matter of law, this would not afford it a defense to the plaintiff's claim. "[E]ven though hirers of an independent security or protective agency have generally been held not liable for *negligent* torts of agency personnel, where the hirer did not exercise control over them, hirers have been held liable for the *intentional* torts of the agency's personnel committed, in the scope of the agency's employment, against the hirer's invitees. [Cits.]" Noble v. Sears Roebuck & Co., 33 Cal. App. 3d 654 (73 ALR3d 1164) (1973). See Annot., Liability of One Hiring Private Investigator, 73 ALR3d 1175. This principle appears to have been followed in *Ellenburg v. Pinkerton's, Inc.,* 125 Ga. App. 648 (188 SE2d 911) (1972), where the employer of a private detective agency was held liable to a third person for an invasion of privacy committed during the course of an investigation by the agency's personnel, despite the fact that the agency was employed as an independent contractor. Accord, *Greenbaum v. Brooks,* 110 Ga. App. 661 (2) (139 SE2d 432) (1964). See also McLeod v. Dean, 270 FSupp. 855 (DCNY

1967). We accordingly hold that the trial court acted properly in refusing to direct a verdict or to grant judgment notwithstanding the verdict to Casual Corner based on the independent-contractor defense.

2. Code Ann. § 105-1005 did not provide the defendants with an absolute defense. That section provides that a plaintiff may not recover damages against the operator of a mercantile establishment for false arrest "where it is established by competent evidence that the plaintiff had so conducted himself, or behaved in such manner, as to cause a man of reasonable prudence to believe that such plaintiff was committing the offense of shoplifting . . . or provided that the manner of such detention or arrest and the length of time during which such plaintiff was detained was under all of the circumstances reasonable." See *S. S. Kresge Co. v. Carty,* 120 Ga. App. 170 (169 SE2d 735) (1969). The determination of whether the defendant acted with reasonable prudence or whether the manner and length of the detention were reasonable were matters for the jury, not the court, to determine. See *Dixon v. S. S. Kresge, Inc.,* 119 Ga. App. 776 (1) (169 SE2d 189) (1969); *Gibson's Products v. Edwards,* 146 Ga. App. 768 (1) (247 SE2d 183) (1978).

3. Recovery of damages where the only injury is to the plaintiff's peace, feelings or happiness is allowed only under the same circumstances in which punitive damages would be allowed, i.e., where there is evidence of wilful misconduct, maliciousness, or wanton disregard for consequences. *Westview Cemetery v. Blanchard,* 234 Ga. 540, 545 (216 SE2d 776) (1975); *Standard Oil Co. v. Mt. Bethel &c. Church,* 230 Ga. 341 (4) (196 SE2d 869) (1973). Although there is no evidence which would give rise to an inference that the guard acted maliciously in accusing the plaintiff in this case, we cannot say as a matter of law that she (the guard) did not act with wanton disregard for the plaintiff's rights. It was not error to deny United Security's motion for directed verdict or its judgment notwithstanding the verdict.

4. The trial court's denial of Casual Corner's cross claim against United Security was based on its determination that the store could not insulate itself from

liability to the plaintiff by claiming the status of an independent contractor. Although we are in agreement with this determination (see Division 1, supra), it does not resolve the question raised in the cross claim, i.e., whether the store is entitled to indemnity from United Security for any liability which it (the store) has to the plaintiff.

The evidence in this case is undisputed that the assistant manager's actions with respect to the plaintiff were taken in reliance upon the guard's representation that she had seen the plaintiff take the necklace. There is no indication that the assistant manager's actions with respect to the plaintiff were anything other than an innocent and reasonable response to this representation. "Ordinarily, if one person is compelled to pay damages because of [liability] imputed to him as the result of a tort committed by another, he may maintain an action over for indemnity against the person whose wrong has thus been imputed to him." *Central of Ga. R. Co. v. Macon R. &c. Co.,* 9 Ga. App. 628 (3a) (71 SE 1076) (1911). See also *Southern Nitrogen Co. v. Stevens Shipping Co.,* 114 Ga. App. 581 (1) (151 SE2d 916) (1966); 41 AmJur2d 706, Indemnity, § 20. We hold that it was error to deny Casual Corner's cross claim under the evidence presented at trial.

5. United Security contends that the court erred in overruling its objections to the testimony of certain character witnesses presented on behalf of the plaintiff. However, we are cited to no such objections in the transcript. We are therefore unable to consider this enumeration of error. See Rule 18, Rules of the Court of Appeals (Code Ann. § 24-3618); *Herrin v. State,* 138 Ga. App. 729, 730 (227 SE2d 498) (1976); *Birge v. State,* 143 Ga. App. 632 (8) (239 SE2d 395) (1977). However, the trial judge erred in charging the jury that they could consider evidence of the plaintiff's good character in determining damages, as this evidence was irrelevant to any issue in the case. See generally Code § 38-202; *Savannah Elec. Co. v. Lowe,* 27 Ga. App. 350 (108 SE 313) (1921). Contrary to the plaintiff's contention, we find no indication that the defendants ever denied the plaintiff's good character so as to interject it as an issue in the case.

6. The alleged improper statements of the plaintiff's counsel afford no ground for reversal in the absence of a

proper objection at the time the statements were made. *Culpepper v. State,* 132 Ga. App. 733 (5) (209 SE2d 18) (1974).

7. The court erred in charging the jury that it could award damages for mental suffering and for wounded feelings as separate and distinct items of recovery. Under the Supreme Court's recent decision in *Westview Cemetery v. Blanchard,* 234 Ga. 540, supra, these are identical elements of damage.

8. The court erred in charging the jury that damages for mental suffering could be awarded as general, or compensatory, damages. "If 'mental pain and suffering' is not accompanied by physical injury or pecuniary loss, recovery is allowed only if the conduct complained of was 'malicious, wilful, or wanton' (Cit.)," in which case the recovery is an alternate form of punitive damages. *Westview Cemetery v. Blanchard,* supra, at 544-545. There was no evidence of physical injury or pecuniary loss to the plaintiff in this case. Therefore, the jury was not authorized to give her an award for mental suffering as an element of compensatory damages.

9. After being instructed that the plaintiff was entitled to recover general damages for mental suffering and wounded feelings, the jury was instructed that the plaintiff could be awarded "in addition to her general damages . . . damages known generally as vindictive damages, to deter defendants from repeating the alleged wrongdoing." This was in effect a separate charge on punitive damages. See Code Ann. § 105-2002. However, "recovery for injury to peace, feelings, or happiness includes recovery for 'wounded feelings'; and the latter is recognized as an alternate form of 'punitive damages.' [Cit.]" *Westview Cemetery v. Blanchard,* supra, at 545. The charge was accordingly erroneous in that it authorized a double recovery. See *Gibson's Products v. Edwards,* 146 Ga. App. 678 (2), supra.

The proper course for the trial court to have taken was either to instruct the jurors that they could award nominal and punitive damages or to instruct them that they could award damages for mental suffering and wounded feelings, but not to instruct as to both forms of recovery.

10. Casual Corner assigns as error the court's failure to grant four of its requests to charge. The principle of law contained in requests 2 and 3 was fully covered in the charge given by the court. Requests 4 and 5 raised the "independent contractor" defense which we have previously ruled was inapplicable to this case. (See Division 1, supra.) These enumerations of error are without merit.

*Judgment reversed. Underwood and Carley, JJ., concur.*

ARGUED JANUARY 3, 1979 — DECIDED<br>APRIL 13, 1979.

*Corish & Smith, Malberry Smith, Jr.,* for appellant (Case No. 57059).

*Bouhan, Williams & Levy, Frank W. Seiler, Joseph P. Brennan, Karsman, Brooks & Doremus, Stanley Karsman,* for appellees (Case No. 57059).

*Stanley Karsman,* for appellant (Case No. 57060).

*Malberry Smith, Jr., Frank W. Seiler,* for appellees (Case No. 57060).