## 67500. PEACHTREE-CAIN COMPANY v. McBEE.
## 67509. PEACHTREE-HARRIS COMPANY v. AKRAM ABU-ATA.
## 67512. PEACHTREE CENTER MANAGEMENT COMPANY v. PANDAZIDES et al.

DEEN, Presiding Judge.

The Peachtree-Cain Company and The Peachtree-Harris Company own the complex known as Peachtree Center. On December 19, 1978, the Peachtree Center Management Company, after it was formally incorporated, entered into oral contracts with The Peachtree-Cain Company and The Peachtree-Harris Company to manage Peachtree Center. According to the director of property management for the Peachtree Center Management Company, under these contracts Peachtree Center Management Company was solely responsible for security services at Peachtree Center and had authority to hire an independent security agency to provide such services. On May 2, 1979, the Peachtree Center Management Company contracted with the American Building Maintenance Company (ABM) to provide and manage all security services at Peachtree Center, and ABM actually provided such services until August 31, 1982. Under that contract, ABM agreed to remove any security officer at the request, for any reason, of the Peachtree Center Management Company; that the Peachtree Center Management Company could terminate the agreement at any time with 24 hours written notice; and that ABM alone would be responsible for the actions of its employees.

In Case No. 67500, the appellee, Christopher McBee, filed suit against Mark Kerrin (ABM's director of security at Peachtree Center), ABM, and The Peachtree-Cain Company, alleging malicious prosecution. In Case No. 67509, the appellee, Akram Abu-Ata, filed suit against Mark Kerrin, ABM, and The Peachtree-Harris Company, alleging malicious arrest. In Case No. 67512, the appellees, Lee and Debbie Pandazides, filed suit against the Peachtree Center Management Company, seeking damages for alleged false arrest, slander, and invasion of privacy. In these three cases, The Peachtree-Cain Company, The Peachtree-Harris Company, and the Peachtree Center Management Company, respectively, moved for summary judgment, on the basis that they could not be held liable for the intentional torts of the independent security agency. The trial court denied these motions, primarily relying upon this court's decision in *United States Shoe Corp. v. Jones*, 149 Ga. App. 595 (255 SE2d 73) (1979).

The Peachtree-Cain Company, The Peachtree-Harris Company, and the Peachtree Center Management Company all appealed to the Supreme Court, contending that application of the rule in *United States Shoe Corp. v. Jones*, supra, resulted in an unconstitutional taking of property without due process of law. The Supreme Court

transferred the three cases to this court. *Held*:

Initially, we note that the appellants contend that imposition of vicarious liability in these cases would violate OCGA §§ 51-2-4 and 51-2-5, which govern an employer's liability for the torts of its independent employees or contractors. Those statutory provisions, however, pertain to an employer's liability for the negligence of the independent contractor or employee, and thus are inapplicable to these cases which involve intentional torts.

This court has adopted the rule that while a hirer of an independent security or protective agency generally is not liable for negligent torts of agency personnel, unless the hirer exercised control over such personnel, a hirer may be liable for the intentional torts of agency personnel committed, in the scope of employment, against the hirer's invitees. *United States Shoe Corp. v. Jones*, supra. This rule has been increasingly adopted in various other jurisdictions. See Annot., Liability of One Contracting for Private Police or Security Service for Acts of Personnel Supplied, 38 ALR3d 1332. The trial court thus was correct in denying the Peachtree Center Management Company's motion for summary judgment against the Pandazides, as that case falls squarely within the ruling in *United States Shoe Corp. v. Jones*, supra.

Other jurisdictions have imposed vicarious liability for the intentional torts of an independent security guard as a matter of public policy. " ' "Immunity from vicarious liability would permit any storekeeper to subject his customers to the hazards of an irresponsible detective agency without peril to himself. He would obtain all the benefit of the surveillance and punishment of shoplifters; he would be subject to none of the penalties for unjustified or unlawful arrests of law-abiding citizens. The opportunities for gross injustice afforded by such a doctrine are too manifest to permit its incorporation into the jurisprudence of our state, without compelling reason." ' " Zentko v. G. M. McKelvey Co., 88 NE2d 265, 268 (Ohio 1948). The Ohio court in Zentko further noted that where an owner of an operation or enterprise undertakes to obtain security services, " ' "his duties are personal and nonassignable, and, where he arranges for and accepts the service, he will not be permitted to say that the relationship of master and servant does not exist." ' " Id. See also Szymanski v. Great Atlantic & Pacific Tea Co., 79 Ohio App. 407 (74 NE2d 205); Clinchfield Coal Corp. v. Redd, 123 Va. 420 (96 SE 836).

We conclude that the same policy should apply to the situation employed by The Peachtree-Cain Company and The Peachtree-Harris Company in these cases. As owners of the Peachtree Center complex that had undertaken to obtain security services, their duty to their invitees to provide responsible agents was personal and nondelegable, and thus it did not matter that the owners had an additional

filter, i.e., the Peachtree Center Management Company, between themselves and the actual security guard. Cf. *Ellenberg v. Pinkerton's, Inc.*, 125 Ga. App. 648 (188 SE2d 911) (1972). Because that duty was personal and nondelegable, a recovery based upon a breach of that duty would not constitute imposition of liability without fault. To hold that the appellants are immune from vicarious liability in these cases would, as noted above, present "opportunities for gross injustice" which we will not here sanction. Zentko v. G. M. McKelvey Co., supra.

*Judgments affirmed in all three appeals. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 8, 1984 —
REHEARING DENIED FEBRUARY 28, 1984 — ▮▮▮▮▮▮▮

*Alfred B. Adams III, John L. Woltmann, Schaune C. Griffin*, for appellants.

*L. Penn Spell, Jr., Cynthia B. Somerville*, for appellees (case nos. 67500, 67509).

*Dwight L. Thomas*, for appellees (case no. 67512).